PETER D. CONKLIN, Appellant, *v.* THE NEW YORK, ONTARIO AND WESTERN RAILWAY COMPANY, Respondent.

Where the power and duty of changing the grade of a highway is conferred by law upon others than the highway commissioners, although the necessity for the change springs from another public purpose, however much it may inconvenience the abutting owner, it takes from him no property right for which he is entitled to compensation.

A railroad corporation, having acquired the right to cross a highway, did so below grade, and for the purpose of restoring the highway as required by the General Railroad Act (Chap. 140, Laws of 1850; chap. 133, Laws of 1880), bridged its tracks and graded up the highway to the bridge level. Plaintiff owned land adjoining the land of the corporation and to the center of the highway, the grade of which was thus raised. The change thus made was all within the original lines of the highway. In an action to recover damages, *held*, that plaintiff's fee in the highway was not subjected to any new or different use, and that he was not entitled to recover.

*Story* v. *N. Y. E. R. R. Co.* (90 N. Y. 122), distinguished.

(Argued March 3, 1886; decided April 13, 1886.)

APPEAL from judgment of the General Term of the Supreme Court, in the second judicial department, entered upon an order made May 13, 1884, which affirmed a judgment in favor of defendant, entered upon an order dismissing plaintiff's complaint on trial.

This action was brought to recover damages for alleged unlawful acts in entering upon a highway in front of plaintiff's premises and erecting an embankment thereon. Plaintiff owned the fee to the center of the highway.

Defendant having acquired the right, under the General Railroad Act, to cross the highway with its road, did so below grade, through a cutting made across the highway, and, to restore it, bridged its road, and by embankments on each side graded up the highway to the bridge level. The embankments were within the original lines of the highway.

*Abram A. Demarest* for appellant. The plaintiff's land could not be taken, or used, or injured by either company (except under a grant by him or by operation of law) without compensa-

tion, whether such land lay under the highway or not; nor could his use of such highway be impaired or obstructed. (*Story* v. *N. Y. E. R. R. Co.*, 90 N. Y. 122.) An action lies by the owner of land against a railroad company if in the construction of its road upon or across a public highway it raises an embankment by which the owner of the land is obstructed in passing to and from the road, and his property is otherwise rendered less valuable. (*Fletcher* v. *Auburn & Syracuse R. R. Co.*, 25 Wend. 462; *Davis* v. *The Mayor of New York*, 14 N. Y. 521; *Brown* v. *Cayuga, etc., R. R. Co.*, 12 id. 487; *Robinson* v. *N. Y. & E. R. R. Co.*, 27 Barb. 520; *Kellinger* v. *Forty-second Street R. R. Co.*, 50 N. Y. 211; *Bloomfield Gas-light Co.* v. *Calkins*, 62 id. 386; *Williams* v. *N. Y. C. & H. R. R. R. Co.*, 16 id. 97.) The owners of land lying upon highways are generally, whether owners of the fee of the highway or not, held to have an interest in the highway and rights of access and use, at least so long as it is maintained, which, though subject to regulation and modification for the purposes of repair and improvement, require compensation, when they are seriously obstructed by private corporations acting under public authority. (Pierce on Railroads, 195; 8 Dana, 289, 294; 10 Bush, 302, 380; 7 Ind. 38; 9 id. 467; 38 Mich. 62, 71.) Where real estate is actually invaded by superinduced additions of water, earth, sand or other material, only having an artificial structure placed on it, so as to effectually destroy or impair its usefulness, it is a taking within the meaning of the Constitution. (13 Wall. 166, 181; 14 Conn. 146; 15 id. 312; 2 Stockt. 211, 229; 3 Harrison, 200; 7 Vroom, 335; 4 Stewart [N. J.], 706, 726, 730; 3 id. 185; 54 N. H. 545; 58 id. 108; 58 Me. 481; 14 Bush, 87, 93; 13 Minn. 324; 31 Wis. 316; 30 Mich. 308; 35 id. 296; 9 Ind. 433; 16 id. 441.)

*Calvin Frost* for respondent. The track of a railroad constructed by a company under or over the track of the highway as may be found most expedient, and the company, with a view to a more easy ascent or descent, may change the line of

the highway and take additional land for the purpose, on mak-
ing compensation, etc. (Laws of 1850, chap. 140, § 1.) The
grade of the railroad is left to the discretion of the corporation
and not reviewable by the courts, when exercised in good faith.
(*People* v. *N. Y. C. & H. R. R. R. Co.*, 74 N. Y. 302, 305.)
The statutes were intended to vest in the corporation the powers
of commissioners of highways in the construction and improve-
ment of highways, when it was charged with the duty of
restoration of the highways crossed, to their former usefulness.
(*People, ex rel., etc.*, v. *D. & C. R. R. Co.*, 58 N. Y. 166.)
The commissioners of highways of the town would not have
been liable in such a case. (*Graves* v. *Otis*, 2 Hill, 466;
*Wilson* v. *Mayor, etc.*, 1 Denio, 595; *Benedict* v. *Goit*, 3
Barb. 459, 469; *Dexter* v. *Brost*, 10 id. 337; *Kavanagh* v.
*City of Brooklyn*, 38 id. 232; *Radcliff* v. *Mayor, etc.*, 4 Comst.
195, 205; *Bellinger* v. *N. Y. C. R. R. Co.*, 23 N. Y. 42; *Corey*
v. *B. & N. Y. R. Co.*, 23 Barb. 482; *Robinson* v. *N. Y. &
E. R. R. Co.*, 27 id. 520; *Barnes* v. *S. S. R. R. Co.*, 2 Abb.
[N. S.] 415; *In re N. Y. C. & H. R. R. R. Co.*, 15 Hun,
64.) When the plaintiff dedicated his land to, or it was taken
by law for the use of a public highway, while he retained the
legal title to the land, he surrendered all claim to damages for
any use thereof for highway purposes. (*Bellinger* v. *N. Y. C.
R. R. Co.*, 23 N. Y. 48; *Selden* v. *D. & H. C. Co.*, 29 id.
642.) The plaintiff having conveyed a part of his land to the
railway company, he cannot claim damages from it, by reason
of its use of such land for its purposes, or doing any acts which
the law imposed on it, as a duty, without alleging and proving
negligence. (*Rood* v. *N. Y. & E. R. R. Co.*, 18 Barb. 80;
*In re Utica, etc., R. R. Co.*, 56 id. 464; *In re N. Y. C. & H.
R. R. R. Co.*, 15 Hun, 68.)

FINCH, J. Railroad companies are authorized to cross pub-
lic highways upon the condition that they restore them to their
former state, or so as not to impair their usefulness. The tracks
may cross at grade, or above or below it, and the necessities of
the railroad govern the choice. The West Shore crossing is

not, in this case, complained of. It took for that purpose no land of the plaintiff, and inflicted upon him no injury. What lies at the basis of the action is not the crossing, but the restoration of the highway to its usefulness as such, under the command of the statute. The law assumes that the crossing will be upon a grade which the convenience or needs of the railroad may require, and that, as a consequence, changes will become necessary to preserve the public right, and the duty of such restoration is imposed upon the railroad company. (Laws of 1850, chap. 140, § 28; Laws of 1864, chap. 582, § 1; Laws of 1880, chap. 133, § 2.) An order of the court is a necessary preliminary to the exercise of the right, so that its necessity or propriety may be questioned or adjudged, and notice of the application is to be given to the commissioners of highways, in order that they may be heard on behalf of the public interest. The statute which confers the right of crossing a highway expressly permits the latter to be carried under or over the track as may be found most convenient, and if the consequent cutting or embankment gives the roadway too great an ascent or descent, the line of the highway may be changed and additional lands taken, which, when paid for, become part of the highway. (Laws of 1850, § 24.) The acts require compensation to be made only when additional lands have been taken, and the duty of restoration need not be to the original condition of the highway, but may be to one different which does not impair its usefulness. The West Shore company crossed below the grade of the highway, making a cutting in its passage and so preventing the public travel. The difficulty could have but one of two remedies. Either the highway upon each side of the crossing must be sloped down to the grade of the track, or the cutting must be bridged at a height sufficient for the passage of trains, and approaches made by a gradual lifting of the roadway to reach the bridge level. The last was the manner chosen, and in view of the dangers consequent upon grade crossings, the choice was prudent and proper, both for the safety of the public and the trains. The highway was thus restored to its original use, and within its original lines, and the

only alteration effected was a change of its grade. The plaintiff's fee in it to its center line was not subjected to a new or different use involving a new or added compensation, but it remained unchanged as the public highway originally laid out in everything but its grade. If it became such by dedication, compensation for the easement was expressly waived. If taken by right of eminent domain, the compensation paid covered all the damages sustained, among which were necessarily embraced such as might flow from a change of grade required for the public use and convenience. That might be altered by any lawful authority, and whatever of injury or inconvenience should result to the abutting owner, was either waived by the dedication, or paid for by the original compensation, so that a change of grade upon a highway invades no private right. The contrary doctrine, once held (*Fletcher* v. *Auburn & Syracuse R. R. Co.*, 25 Wend. 462), has been effectually overruled. (*Radcliff's Exrs.* v. *Mayor, etc.*, 4 Comst. 195 ; *Bellinger* v. *N. Y. Central R. R. Co.*, 23 N. Y. 42 ; *Selden* v. *D. & H. Canal Co.*, 29 id. 634.) The appellant here relies upon *Story* v. *N. Y. Elevated R. R. Co.* (90 N. Y. 122). That case was not intended to thus unsettle the law, for it expressly excluded from its operation injuries resulting from changes of grade.

Its doctrine, if applicable to this highway, that a right of property in the street belongs to the abutting owner which cannot be taken away from him without compensation by the erection of obstructions not essential to or consistent with the normal use and condition of the street as such, is wholly inapplicable to the case here presented ; and this for the double reason that the character of the street as an unobstructed public highway remains unaltered, giving equally as before to the abutting owner, full opportunity for light and air and means of access by modifying his own grade, and leaving the street wholly to its natural and normal use, so that no property of the abutter is taken ; and if taken by any refinement of construction, it is a taking embraced in and paid for by the original compensation, or contemplated by the original dedication. Beyond a doubt any change of grade by the authorities charged with the public

duty of working and maintaining the highway, however it may inconvenience the abutting owner, takes from him no property right for which he has not been compensated; and that is equally true, although the power and duty of changing the grade is conferred by law upon others than the highway commissioners and the need of it springs from another public purpose. The right of the legislature to permit a railroad company to cross a public highway, and either upon the same or a different grade, is of course conceded. In the latter case a corresponding change in the grade of the highway becomes necessary. That change the commissioners of highways would have a right to make and so restore the road to the public use without any responsibility to abutters. But that duty is imposed by statute upon the railroad company, and the expense charged upon them; and in the process of restoration they simply stand in the place of the highway commissioners, having for the purpose of the restoration and so far as needed all their official rights, and charged with all their duties. It was so held in *Bellinger* v. *N. Y. Central R. R. Co.* (*supra*). The court said : " Where persons are authorized by the legislature to perform acts in which the public are interested, such as grading, leveling and improving streets and highways and the like, and they act with proper care and prudence, they are not answerable for the consequential damages which may be sustained by those who own lands bounded by the street or highway. The doctrine is equally applicable to the construction of a railroad by a private corporation; for the enterprise is considered a public one, and the authority is conferred for the public benefit." The same doctrine was involved in *Uline* v. *N. Y. Cent. & H. R. R. R. Co.* (101 N. Y. 98). There, as here, the crossing of a city street had been followed by a change of grade of the highway in front of plaintiff's premises, for which she sued and recovered both present and prospective damages. We reversed the judgment, holding that if the railroad company changed the grade by a valid authority the plaintiff could not recover at all, but if without such authority, was liable only for the accrued damages, as in case of trespass.

Of course, if her property was taken, the last ruling was wrong. If the law permitting a highway crossing required the road to be restored to public use by the commissioners and the railroad company to reimburse the necessary expense, there could be no question of the right of the commissioners to change the grade without any accountability to the abutting owners, and the case is not changed when instead the railroad company is itself compelled to make the restoration. A change made by the commissioners is deemed an incident to the existence of the road as a public highway, and is assumed to be dictated by the public necessity, and justified by the resultant public benefit. The same assumption governs when a railroad crossing compels the change, as the *Bellinger Case* expressly decides. The crossing itself is permitted, not as a boon to a private corporation, but as a public purpose which comes into collision with another public purpose, and requires an adjustment to harmonize the two; and the same policy prevails when the situation is reversed, and the highway seeks to cross the railroad. It may do so without compensation to the corporation whose land is occupied and whose convenience is disturbed, and the sole justification is that it may properly be treated as a public corporation engaged in the accomplishment of a public purpose. So that, when, under the statute, a railroad company, as it is commanded to do, enters upon the restoration of a highway, it becomes for the time and at the place the constituted public authority to make the restoration; and if it does so with reasonable prudence and skill encounters no greater liability than would attend the same change if made by the usual public authority. No question of negligence in the manner of making the restoration is raised in the case.

The judgment should be affirmed, with costs.

All concur, except Danforth, J., not voting.

Judgment affirmed.