GEORGE R. ROBINSON *vs.* THE GREAT NORTHERN RY. CO.

Argued Jan. 7, 1892. Decided Feb. 23, 1892.

**Highways—Legislative Control Over.**—The legislature has full and paramount authority over all public highways.

**Railway Company Not Liable for Constructing Approaches at Crossings.**—And where it authorizes and requires a railway company, by its charter, in constructing its railway across streets and highways, to put the same in proper condition and repair, so as not to interfere with public travel, it is not a trespasser in entering thereon for the purpose of restoring and improving the same, as commanded by its charter, and, if the work is done with reasonable prudence and skill, is not liable for consequential damages to owners of abutting land.

**Highway Officers may Supervise the Work.**—The work is subject to the supervision and direction of the regularly constituted authorities having control of such streets or highways.

**Judgment of Court Supersedes the Officers.**—But no such question is involved where the court defines the nature and extent of the improvement in a judgment obtained on the application of such authorities.

Appeal by plaintiff, George R. Robinson, from a judgment of the district court of Hennepin county, *Lochren,* J., entered September 26, 1891, dismissing the action on the merits.

Plaintiff was in July, 1890, the owner of a lot on Washington

avenue, Minneapolis, situated a short distance north of the railway tracks of defendant, where they cross that street. The Great Northern Railway Company on February 1, 1890, acquired by lease from the St. Paul, Minneapolis & Manitoba Railway Company possession and control of these railway tracks, subject to its obligations and duties in regard to crossing that avenue and bridging the tracks, as adjudged in *State* v. *St. Paul, M. & M. Ry. Co.*, 35 Minn. 131, 38 Minn. 246, and 39 Minn. 219. One of those obligations was to construct a bridge in said avenue over its railway tracks, and at the north end of the bridge to construct an approach of solid earth embankment ninety-two feet wide, and of a grade not greater than four feet to the hundred.

In making this approach the defendant necessarily filled in the avenue, and raised the surface in front of plaintiff's lot. The city council by ordinance of October 20, 1890, approved and adopted this change in the grade of the avenue. This action was brought to recover as damages the depreciation in the market value of plaintiff's lot on account of so raising the avenue in its front, and the diminution of his rents while the work was being done. The action came on for trial at April term, 1890. Defendant moved for judgment on the pleadings, dismissing the action on the merits. The motion was granted, and judgment was on September 26, 1891, entered accordingly. From that judgment plaintiff appeals.

*C. J. Bartleson*, for appellant.

The main question on this appeal is whether defendant is liable for the damages caused to adjacent property by building in the street the approaches to its bridge, as it was required to do by a decree of court; also, whether the passage of an ordinance by the city, changing the grade of the street to conform to the new condition of affairs, relieves defendant from its liability for such damages. In *Henderson* v. *City of Minneapolis*, 32 Minn. 319, the city itself built the approaches, and it was held that it was not liable for damages caused to the abutting property. Appellant claims to distinguish the present action on the ground that the city had no lawful authority, under the circumstances of the present case, as against private property owners, to change the grade of the

street so as to relieve defendant from the necessary consequences of the performance of its legal duty. In other words, he claims that the building of these approaches was the duty of defendant, and not of the city.

There is no justice in compelling the adjacent property owner to bear any portion of the damages defendant causes in making the improvement. The change of grade in the street is made necessary by defendant's use of it for its own purposes. It was not called for in the interest of the general public. Defendant should be held liable for the damages which accrued prior to the passage of the ordinance changing the grade of the street. In the case of an ordinary change of grade, the city would incur liability if, without passing an ordinance, it should proceed to do work and fill in the street. *Leber* v. *Minneapolis & N. W. Ry. Co.*, 29 Minn. 256; *Hursh* v. *First Div. St. P. & P. Ry. Co.*, 17 Minn. 439, (Gil. 417.)

*Benton, Roberts & Brown*, for respondent.

The purpose in changing this grade was to accomodate the public travel upon the street. No other use is made of the street by the defendant, nor, so far as appears, by any other party. The change is no greater than necessary to comply with the judgment of the court, and no question is made as to the manner of compliance. Neither is any claim made of any invasion of plaintiff's land outside of the street limits. *Henderson* v. *City of Minneapolis*, 32 Minn. 319; *Uline* v. *New York Cent. & H. R. Ry. Co.*, 101 N. Y. 98; *Conklin* v. *New York, O. & W. Ry. Co.*, 102 N. Y. 107; *Ottenot* v. *New York, L. & W. Ry. Co.*, 119 N. Y. 603.

VANDERBURGH, J. The plaintiff is the owner of a lot on Washington avenue, in the city of Minneapolis, near the line of the defendant's railway, which crosses the same avenue, south, and within one block of such lot. This action is brought to recover damages from the defendant for entering upon and raising the grade of the street in front of his lot, so that the earth embankment so raised upon the street cuts off all access to the same by vehicles, and has consequently depreciated the value thereof. In November, 1886, an action was brought in behalf of the city of Minneapolis against the defendant,

in which, upon proper allegations showing the necessity, for the accommodation of public travel and business on Washington avenue, of constructing a bridge or viaduct over defendant's tracks and roadbed, at a suitable elevation to allow the passage of railway trains under the same, with approaches on either side of the bridge, so as to give an easy or convenient grade for the travel over such bridge, a peremptory *mandamus* was asked commanding the defendant to construct such bridge and improvement; and such proceedings were thereafter had that final judgment was rendered in the district court of Hennepin county, at the instance and in behalf of the city of Minneapolis, in and by which the peremptory writ prayed for was granted, and the defendant was required to construct such bridge, and the approaches thereto, in accordance with the specifications therein set forth, as to the height and width of the bridge, and the elevation and grade of the approaches, and providing that the northerly approach should be an earth embankment, to be extended along and upon Washington avenue, from the end of the bridge, at a grade of descent to the former grade of the street not greater than four feet to the hundred. The defendant, in its answer, herein alleges, and plaintiff admits, that the defendant, "in obedience to and in accordance with the said judgment and decree of this court, did, within a reasonable time after the 14th day of June, 1890, commence, and has since diligently prosecuted, the said work of constructing the said bridge or viaduct, and the northern approach thereto, and has constructed a stone abutment for the northerly end of said bridge or viaduct upon the line of its right of way across said Washington avenue, and a portion of the approaches on said street required by said judgment; that in so doing it became and was necessary, in the first place, to make a deep excavation in said street for the foundations of said abutment, and thereafterwards, after the construction of the foundations of said abutment, to place earth within said street, and adjacent to the said abutment, to become a part of the solid earth embankment required by said judgment for the said approach; and that in so doing this defendant has interfered with and changed the surface of Washington avenue in front of and near to the property described in said complaint; but this defendant avers that it has made no other or

greater interference with the said street than was necessary in and about the performance of the obligation imposed upon this defendant by the said judgment and decree of this court, and that in and about all the matter and things in said complaint alleged this defendant has confined itself to the change of the grade of said street made necessary for the accommodation of public travel in and upon the said street, pursuant to the terms of said judgment and decree; and it is further admitted by the pleadings that after the defendant had undertaken the improvement, and while the work of constructing the bridge and approaches was in progress, the city council of Minneapolis, by an ordinance duly enacted and approved October 20, 1890, duly and formally changed the grade of Washington avenue at the location in question, in conformity with the plan of the bridge and approaches as defined and specified in the judgment in the *mandamus* proceedings referred to." Upon these facts appearing and admitted upon the pleadings, judgment was ordered for the defendant.

By the terms of the original railway charter under which defendant is acting, it is given the right to construct its railway across any highway or street, subject to the obligation and duty, expressly enjoined on the defendant by the charter, to put such streets in such condition and state of repair as not to interfere with the free and proper use of the streets. It is in fulfillment of this requirement of the charter that the judgment was rendered and its enforcement compelled on behalf of the city. The defendant was therefore lawfully employed in raising the grade of the street, and making a necessary and proper improvement thereof, for the convenient use of the public, as enjoined and declared by the judgment of the court, which determined the nature of the improvement, and the width and height of the earth embankment in the street constituting the northerly approach to the bridge, the construction of which constitutes the grievance complained of; and the work has been formally ratified and approved by the city ordinance. The legislature represents the public at large, and has full and paramount authority over all public ways. 2 Dill. Mun. Corp. § 656. "So that when, under the statute, a railroad company, as it is commanded to do, enters upon the restoration of a highway, it becomes for the time and at the place the constituted

v.48m.—29

public authority to make the restoration, and, if it does so with reasonable prudence and skill, it encounters no greater liability than the city would." *Conklin* v. *New York, O. & W. R. Co.*, 102 N. Y. 113, (6 N. E. Rep. 663.) The work done was by the authority of the state, and was clearly within the purposes for which the street was laid out and dedicated, and was done with reasonable prudence and skill; and it was competent for the legislature to provide therefor, and to authorize and require the defendant to construct the improvement; and, since such improvement was confined to the highway, the defendant was not a trespasser, and is not liable for consequential damages to plaintiff, and no condemnation proceedings were necessary. We may assume that the work in such cases should be done under the supervision of the proper authorities having charge of the streets or highways, or subject to their approval, but, in case of disagreement, the courts would be called on to determine the extent and nature of the improvement to be made, as was the case here. But this is merely a matter of regulation or procedure; and no question of that character arises here, since the judgment was procured by the city, is satisfactory to it, and is controlling. *State* v. *Minneapolis & St. L. Ry. Co.*, 39 Minn. 219, 228, (39 N. W. Rep. 153.) The authority and duty of the defendant rest primarily upon the statute. In *Bellinger* v. *New York Cent. R. Co.*, 23 N. Y. 48, it is said by Denio, J., citing *Radcliff's Ex'rs* v. *Mayor*, 4 N. Y. 195, "that where persons are authorized by the legislature to perform acts in which the public are interested, such as grading, leveling, and improving streets and highways, and the like, and they act with proper care and prudence, they are not answerable for consequential damages which may be sustained by those who own lands bounded by the street or highway. The doctrine is equally applicable to the construction of a railroad by a private corporation, for the enterprise is considered a public one, and the authority is conferred for the public benefit." The question of the effect of charter provisions, providing for damages to abutting owners upon a change of grade of streets, is not involved in this case.

Judgment affirmed.

(Opinion published 51 N. W. Rep. 384.)