JOHN T. CUNNINGHAM, Respondent, v. JOHN M. FITZGERALD, Appellant.

138  165
141  301
138  165.
144  326

An objection, by a defendant in an action for an injunction, that the facts stated in the complaint are not sufficient to confer jurisdiction upon the courts to grant the relief sought, when not raised by answer and presented at the trial, may not be raised upon appeal.

A private individual, engaged in improving streets for the benefit or convenience of his own property, may not cut down the grade of an existing street to the detriment of an abutting owner without his consent; if the latter's right of access to his property will be impaired by such a change he may resist it and restrain it by injunction.

Defendant was the owner of a tract of land in a village; this was mapped into lots, with streets and avenues, and the map duly filed. One of the lots, bounded on an avenue, was purchased by plaintiff. The avenue had been improved and graded in front of said lot. Plaintiff built a dwelling on his lot and graded it to correspond with the avenue. Subsequently defendant opened a street running from the avenue, and without plaintiff's consent entered thereon, dug up and carried away the soil to put upon the new street, cutting down the grade of the avenue between one and two feet in front of plaintiff's lot, interfering with the access thereto from the street. The avenue had not been accepted by the public authorities as a street and they had not exercised any jurisdiction over it. In an action for damages and an injunction, *held*, that plaintiff had an easement in the street for the purpose of access to his lot, and whether he owned to the center or to the side of the avenue, defendant could not cut down the roadway so as to make such access materially more difficult; and that plaintiff was entitled to a judgment; but that he had no right to restrain defendant from improving the portions of the avenue not in front of his lot; and so, that so much of the judgment rendered as restrained the defendant from excavating, interfering with or lowering the grade of the avenue between plaintiff's lot and the new street, was error.

(Argued April 10, 1893; decided April 18, 1893.)

APPEAL from judgment of the General Term of the Supreme Court, in the fifth judicial department, entered upon an order made the first Tuesday of January, 1892, which affirmed a judgment in favor of plaintiff, entered upon the report of a referee.

This action was brought by the plaintiff to restrain defend-

ant from plowing up and scraping away the earth in the street or avenue called St. John's Park (formerly Hughes Park), in the village of Charlotte in the county of Monroe, and from lowering the grade thereof and for damages for excavations and alteration of the grade already made.

The facts, so far as material, are stated in the opinion.

*Quincy Van Vorhis* for appellant. The plaintiff has no cause of action. (*Story* v. *N. Y. E. R. Co.*, 90 N. Y. 122; *Abendroth* v. *M. R. Co.*, 122 id. 1; *Bakeman* v. *Talbot*, 31 id. 366; *Herman* v. *Roberts*, 119 id. 37, 42; *McMillan* v. *Cronin*, 75 id. 474; *Atkins* v. *Bordman*, 2 Metc. 457; *Reiners* v. *Young*, 38 Hun, 335; *Outerbridge* v. *Phelps*, 13 Abb. [N. C.] 117; *Gould* v. *Booth*, 66 N. Y. 62, 64; *Conklin* v. *N. Y. C., etc.*, 102 id. 107; *Simmons* v. *Cloonan*, 81 id. 557; *Lampman* v. *Mills*, 21 id. 505; *Curtis* v. *Ayrault*, 47 id. 73; *Acker* v. *Town of Newcastle*, 48 Hun, 312; *Redfield* v. *Redfield*, 110 N. Y. 671; Angell on Highways, § 304; Washb. on Ease. 196, 293; *Robert* v. *Sadler*, 104 N. Y. 229.) The referee has not found facts sufficient to support the judgment. (*Redfield* v. *Redfield*, 110 N. Y. 671.) Plaintiff, by the deed in which he joined with other lot owners, expressly consented to the construction of Hughes avenue as a branch of St. John's Park. Such consent includes all that is reasonably involved in the construction of a suitable roadway to make Hughes avenue accessible. Unless that is so, the consent is of no value. (Angell on Highways, § 314; *Dunham* v. *Williams*, 37 N. Y. 251; *Mott* v. *Mott*, 68 id. 247; *Hall* v. *Whitehall*, 103 id. 134; *Hussner* v. *B., etc., Co.*, 96 id. 18; *In re Lodus*, 118 id. 213; *Perrin* v. *N. Y. C., etc.*, 36 id. 120; *In re 17th St.*, 1 Wend. 262; *Willoughby* v. *Johns*, 20 id. 96.) Plaintiff was erroneously permitted to prove by the opinions of witnesses that the value of his property is less than it would have been if the alleged trespass had not been committed. It was the adoption of an erroneous basis of damages. (*Tallman* v. *M. E. R. Co.*, 2 N. Y. Supp. 130; *Hummel* v. *N. Y., L. & W. R.*

*Co.,* 9 id. 407, 408; *Francis* v. *Schoellkopf,* 53 N. Y. 152; *S. W. N. Bank* v. *N. Y. E. R. Co.,* 21 J. & S. 412; *Barrick* v. *Schifferdecker,* 1 N. Y. Supp. 22.)  No cause exists for equitable relief.  It is simply an action to restrain a trespass. (*Livingston* v. *Livingston,* 6 Johns. Ch. 497; *S. A. R. R. Co.* v. *Kerr,* 28 How. Pr. 382; *N. Y. P. & D. Co.* v. *Fitch,* 1 Paige, 97; *Hart* v. *Mayor, etc.,* 9 Wend. 571; *Jerome* v. *Ross,* 7 Johns. Ch. 315; *Wiggins* v. *Mayor, etc.,* 9 Paige, 16; *Marshall* v. *Peters,* 12 How. Pr. 218.)

*Arthur E. Sutherland* for respondent.  The referee's findings as to the situation of the premises, the amount of damage done and the probable effect of the alteration of the road which defendant proposed to make, are practically conclusive because the referee took a view of the premises under a stipulation that what he there observed on actual inspection might be considered by him in deciding the case.  (*West* v. *Eiersted,* 15 Wkly. Dig. 549; *Crouch* v. *Gutman,* 32 N. Y. S. R. 254; *Smith* v. *Morse,* 148 Mass. 407; *Healy* v. *Clark,* 120 N. Y. 612.)  Irrespective of the ownership of the fee of the street, the plaintiff has a right to enjoin defendant from interfering with and impairing the easement in the street and right of access to his lot, which plaintiff, as an abutting owner, acquired in his conveyance from the defendant.  (*Story* v. *N. Y. E. R. R. Co.,* 90 N. Y. 122; *Lahr* v. *M. E. R. Co.,* 104 id. 268; *Abendroth* v. *N. Y. E. R. Co.,* 122 id. 1; *Kane* v. *M. E. R. Co.,* 34 N. Y. S. R. 876; *Reining* v. *N. Y., L. & W. R. R. Co.,* 128 N. Y. 157; *Williams* v. *Kennedy,* 14 Barb. 629; *Bissell* v. *N. Y. C. R. R. Co.,* 23 N. Y. 61; *Perrin* v. *N. Y. C. R. R. Co.,* 36 id. 120; *Milburn* v. *Fowler,* 27 Hun, 568; *Roberts* v. *Sadler,* 104 N. Y. 229; *Green* v. *N. Y. C. & H. R. R. R. Co.,* 12 Abb. [N. C.] 124; *Prime* v. *F. F. S. R. R. Co.,* 1 id. 63.)  The rights of the parties were fixed by the map, and all evidences of conversations had at or before the time of the making of the conveyance to the effect that the grade was to be changed, are incompetent, and do not vary the rights of the grantee in the deed.  (*Taylor* v. *Hopper,* 62

N. Y. 649.) Plaintiff has the right to insist that the road shall be kept open, with just as wide a driveway for the passage of vehicles as there was when he took his deed, and that this width of driveway shall be maintained all the way to the Boulevard. (*Matter Twenty-ninth Street,* 1 Hill, 189 ; *Karrer* v. *Berry,* 44 Mich. 391 ; *Farnsworth* v. *Taylor,* 9 Gray, 162 ; *Gerrish* v. *Shattuck,* 128 Mass. 571 ; 1 Add. on Torts, 272 ; *Cohen* v. *Mayor,* 113 N. Y. 535.) Plaintiff, by his conveyance from the defendant, acquired the fee of the street to the center line thereof. (*Roberts* v. *Sadler,* 104 N. Y. 229 ; 90 id. 125.) The only defense stated in the answer is in the nature of a denial of the allegations of the complaint as to the acts already done, and the amount of damage suffered, and a denial of an intention to lower the grade to a depth even of two feet, coupled with an explanatory allegation that he was simply intending to fix the grade of St. John's Park in accordance with a plan existing at the time plaintiff purchased his premises, and a further claim of ownership of the fee of the street. This is untenable. (*Corning* v. *T. I. N. Factory,* 40 N. Y. 191 ; *Webb* v. *S. M. Co.,* 3 Summ. 189.) None of the exceptions on the trial are well taken. If any error in the reception or rejection of evidence appear in the case, it cannot have changed the result, and will be disregarded. (*King* v. *Whaley,* 59 Barb. 71 ; *In re N. Y. C. & H. R. R. R. Co.,* 90 N. Y. 342.)

O'BRIEN, J. The judgment in this case awards an injunction to the plaintiff restraining the defendant from cutting down the grade of a street in front of his lot or interfering with the same. A small money judgment was also awarded as damages. The referee who tried the case found that about the year 1884 the defendant became the owner of a considerable tract or parcel of land in the village of Charlotte, which had been mapped and plotted into village lots, with streets and avenues running through and intersecting each other upon which the lots were bounded. The map upon which the streets and lots were exhibited was duly filed in the county

clerk's office, but no lots had been sold prior to the time that the whole parcel was purchased by the plaintiff. Subsequently the defendant conveyed one of the lots to the plaintiff describing it as lot number eighteen on the map "being fifty feet in front on the north side of Hughes Park, and extending back therefrom of equal width throughout, one hundred and twenty-five feet." This park was an avenue one hundred feet wide intended for sidewalks twelve feet wide on each side and a roadway over seventy feet wide. When the plaintiff purchased, the roadway up to the east line of his lot had been improved and graded by raising the bed of the road in the center and forming gutters on each side. The name of the park was subsequently changed to St. John's Park. It runs east and west through the tract, and at the west end intersects a boulevard running north and south. The defendant has sold all the lots fronting on the park or avenue west of the plaintiff's lot, but he still owns numerous lots on the east, and the avenue in front of them remained in substantially its natural state. Since the plaintiff's purchase the defendant opened a new street running southerly from St. John's Park at nearly right angles therewith, and terminating at the south in a *cul de sac.* The plaintiff has built a dwelling upon and graded his lot to correspond with the grade of the highway in front of it, established a driveway and planted ornamental trees on the side of the street in front of the lot. The defendant before the commencement of this action, and without the plaintiff's consent, entered upon this highway in front of and east and west of the plaintiff's lot, and dug up and carried away quantities of the soil from the roadway, and put the same upon the new street referred to, cutting down the grade of the street in front of the plaintiff between one and two feet, and was so engaged, intending to cut it down still more, when he was restrained by the injunction. It has been found that this interfered with the plaintiff's access to his property from the street and damaged the same, and that the defendant's purpose was to remove the earth from St. John's Park, in front of plaintiff's lot, and east and west of

it for the purpose of taking it to the new street and grading it up to correspond with the grade of the park where the two intersect. The defendant owned the lots on the new street and on the park east of plaintiff, and they will be benefited by this improvement, but the finding is that the change, if carried out, will work irreparable injury to the plaintiff. These facts and others have been found by the referee in great detail, and as we cannot say that any of them are wholly unsustained by the evidence, we are concluded by them in the disposition of the case. The avenue, on the north side of which the plaintiff's property is, has become as to those parties, a public highway by dedication. The parties who have purchased lots bounded thereon have an easement in the street for the purpose of access to their lots, and this easement is property which cannot be invaded without subjecting the party to liability in damages, and in a proper case it will be protected by injunction. (*Lord* v. *Atkins*, April, 1893.) The defendant did not act under any public authority, but for his private benefit. Indeed, it appears that the public authorities had never accepted the street in question or exercised any jurisdiction over it, but that circumstance does not affect the plaintiff's rights in the street for the purpose of access. The language of the description of plaintiff's lot in the deed from the defendant might, under some authorities, be construed as bounding the lot upon the street, and if so, the plaintiff owned to the center of the street, and the removal of the soil therefrom in the manner found by the referee would clearly amount to a trespass. (*Story* case, 90 N. Y. 122; *Perrin* v. *N. Y. C. R. R. Co.*, 36 id. 120.)

But it is unnecessary to decide that question. Whether the plaintiff owned to the center of the street or not the defendant could not impair his right of access. He could not cut down the roadway so as to render the plaintiff's right of ingress and egress materially more difficult. It is no doubt true that the plaintiff purchased in contemplation of the improvements to be made upon the street, and as the defendant still owned a large part of the tract he was interested in making the

improvements.   But the roadway in front of the plaintiff had
become graded and established and the change made and con-
templated by the defendant was not for the benefit of the
street at the point in question, but for the benefit of other
localities.   When the public authorities undertake to improve
a street, and it becomes necessary to change the grade, there
are many cases where private interest or convenience must
yield to the public good.   But the defendant's original right,
as owner of the whole tract, to lay out and grade streets at his
pleasure, was abridged whenever he sold a lot bounded upon
the street, and when he had sold all of the lots on the street,
his right to regulate or grade that street was the same as any
other member of the community, unless the right to do the
particular thing claimed had been expressly reserved in his
grants.

A private individual, engaged in improving streets for the
benefit or convenience of his own property, cannot cut down
the grade of an existing street to the detriment of an abutting
owner.   If the cutting of the grade impairs the abutting
owner's right of access to his property, his consent is neces-
sary under such circumstances, as he may resist a projected
improvement by his neighbor which he could not resist if
undertaken by the public authorities.   A party cannot impair
his neighbor's easement in a street and force what he calls a
benefit upon him against his will.   As against any mere
private interest, the property owner can resist an attempt to
change the grade of a street whenever he can show that such
change will injure him.   In this case, the plaintiff has satisfied
the referee with respect to the injury committed and contem-
plated, and that was largely, if not entirely, a question of fact
determined upon conflicting evidence.   It is true that when
the plaintiff purchased his lot, he was chargeable with knowl-
edge of the fact that the whole tract was mapped and plotted,
and that a plan for the general improvement of the lots and
streets was contemplated.   A purchaser might have such
knowledge or information with respect to changes in the grade
of the street from the map or from the surroundings or the

situation visible at the time of his purchase that his assent to it could be implied. But there does not appear to be anything in this case to show that the plaintiff knew or expected, or had any right to expect, that the grade of the street would be cut down after it was established and the roadway completed, and the surface of his lot made to conform thereto. The particular improvement which rendered this necessary, in the view of the defendant, was not projected until after plaintiff's purchase, and after the improvement of his lot and the street adjoining. The point is made by the defendant that the facts stated in the complaint are not sufficient to confer jurisdiction upon a court of equity to grant relief by injunction. It is sufficient to say that such an objection cannot be raised for the first time upon an appeal, but should be raised by answer and presented at the trial.

The judgment awarded by the learned referee is, we think, too broad. The words of the judgment are, that the defendant be "perpetually enjoined and restrained from plowing, excavating or carrying away earth from the roadway of St. John's Park *in front of plaintiff's premises,* * * * and from excavating, interfering with, or in any manner lowering the grade, or changing the condition of St. John's Park *from the east line of plaintiff's premises to the Boulevard.*"

This virtually enjoins the defendant from improving the park west of plaintiff's easterly line. A private citizen, whether moved by public spirit or private interest, may improve and beautify parks and streets, especially when he stands in such relations to the locality as the defendant does. The plaintiff has no right to enjoin the defendant from improving St. John's Park west to the Boulevard if he desires to, so long as he does not interfere with the property rights of others. The extent of the relief to which the plaintiff was entitled was to enjoin the defendant from cutting down the grade of the street in front of his lot in such a way as to render access to and from his premises less convenient in some material and substantial respect. The evidence to show that the defendant has actually interfered with the plaintiff's rights

within this rule is not very strong, and it is possible that it was open to another view, but as the finding is not destitute of all evidence for support, and as it has been approved by the General Term, we cannot disregard it.

The judgment should, therefore, be modified as above indicated, and, as so modified, affirmed, without costs to either party in this court.

All concur, except EARL, J., dissenting.

Judgment accordingly.