RAY v. NEW YORK BAY EXTENSION R. CO.

(Supreme Court, Appellate Division, Second Department.    October 25, 1898.)

1. JUDGMENT—AMENDMENT.
        A judgment in an action to require a railroad company to institute proceedings to condemn certain land claimed by plaintiff, determining that plaintiff is the owner of the land, cannot be amended, on motion, so as to show that she had merely an easement therein.

2. EMINENT DOMAIN—CONDEMNATION OF EASEMENT.
        An easement in land secured by a grant represents a property right
    which is subject to condemnation.

Appeal from special term, Kings county.

Action by Flora L. Ray against the New York Bay Extension Railroad Company. From an order made at special term, denying defendant's motion to open and correct the judgment, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

William J. Kelly, for appellant.

M. E. Harby (Walter S. Logan, on brief), for respondent.

HATCH, J.    The findings and the judgment in this action seem to conclusively settle that the plaintiff is the owner of some land within the boundary of Cedar avenue, and also that she possesses an easement therein, giving a right of access to and from her premises, in front of which the embankment has been constructed, and over which the defendant operates its railroad. This right of the plaintiff in and to this street the judgment directs the defendant to take proceedings to condemn. The application to the court upon this motion was to have the judgment opened, amended, and corrected, so as to show that the plaintiff owned no part of the land within the bounds of Cedar avenue, but had only an easement therein. This motion the court denied, upon the ground of want of power; and in this, we think, it was correct, within the authority cited by it. Heath v. Banking Co., 146 N. Y. 260, 40 N. E. 770. The change of determination, that the right of the plaintiff was not a fee, but only an easement, would be quite as radical as was the reduction made in the amount of the judgment in the foregoing case. We agree with the learned counsel for the appellant that the description contained in plaintiff's deed, and in the deeds of her ancestors in title, did not convey any part of the fee in Cedar avenue. The conveyance to Ransom, through whom the plaintiff obtained title, bounded the land upon the exterior line of Cedar avenue, not then existing, but thereafter to be opened. The deed also contained a covenant that Cedar avenue should be opened as a street 60 feet wide, bounding the premises conveyed, and the grantee, his heirs and assigns, "may enjoy the privilege of using the same as such forever." This language seems to show an intent upon the part of the grantor to limit the conveyance to an easement. The case, therefore, in principle, falls within the decisions in Bank v. Nichols, 64 N. Y. 65, and English v. Brennan, 60 N. Y. 609, and outside the principle in Bissell v. Railway Co., 23 N. Y. 61; In re Ladue, 118 N. Y. 213, 23 N. E. 465. The judgment, however, is presently conclusive upon this question. The defendant was not without remedy. It could have appealed from the judgment, and availed itself of this point. Not having done so, it cannot now be heard to complain. There seems to rest in the mind of the appellant the idea that it cannot comply with this judgment, as the only property it can describe as belonging to the plaintiff is an easement in the street. There is little difficulty in describing the land embraced within the street; and, whether, in fact,

the plaintiff possesses an easement or a fee, it remains established that she has a property right. This property right is the subject of proceedings in invitum.

It is, however, contended that, if the right be only an easement, plaintiff has no interest which is the subject of condemnation; that her property right is limited to that of passage and means of access, which, being furnished, is all that can be demanded, even though the same be changed by the change of grade. Upon this subject, appellant invokes the rule laid down in Conklin v. Railway Co., 102 N. Y. 107, 6 N. E. 663, and Rauenstein v. Railway Co., 136 N. Y. 528, 32 N. E. 1047. These cases presented the question of the rights of an abutter to an easement in common with the general public. Under such circumstances, it was held that a change of grade of a street by a railroad company, acting under a general statute, or by the direction of municipal authority, took from an abutting owner no property right, even though it worked inconvenience to such owner in the use of the street. Such, however, is not the present case. This plaintiff has an easement in the street quite independent of any public right. Indeed, it does not appear that the public has any interest therein. In any event, it is secured to plaintiff by a grant, and in this grant the public have no interest. This is a property right, of which she may not be deprived, and which she may insist shall remain unimpaired by any authority, public or private. It is indestructible, and she may insist upon the sanctity of its preservation to the fullest extent to which she may insist upon any other property right in land. Holloway v. Southmayd, 139 N. Y. 390, 34 N. E. 1047, 1052; Lord v. Atkins, 138 N. Y. 184, 33 N. E. 1035; Cunningham v. Fitzgerald, 138 N. Y. 165, 33 N. E. 840. If, therefore, we assume that the property right rests only in an easement, still, as such easement represents a property right, it becomes subject to a proceeding for its condemnation. In any view, therefore, the defendant would be required to extinguish this right before it can lawfully enter upon the property.

The order should be affirmed, with $10 costs and disbursements. All concur.