## SUPREME COURT.

### LEVI SPEAR agt. CHARLES CUTTER.

Courts of equity will interfere by injunction to restrain waste or trespass, and to prevent injury to land, even where the title is in dispute and the right is doubtful, if the waste or trespass will be attended with irreparable mischief, or from the irresponsibility of the defendant or otherwise, the plaintiff cannot obtain relief at law. Such interference is placed upon the ground of preventing irreparable mischief, and the destruction of the substance of the inheritance.

An injunction was sustained where the plaintiff alleged that he was owner of the premises, that the defendant was committing waste by cutting down timber, &c., which would be an irreparable injury, and that he was insolvent, notwithstanding the defendant was in possession as tenant, under a decision in summary proceedings to recover possession of land, by a county judge, which the plaintiff defended, but had carried by certiorari to the Supreme Court for reversal, and which was pending and undetermined.

*Special Term, Washington County, Feb.* 1849.—Demurrer to bill; and motion to dissolve injunction founded on the bill alone.

The plaintiff alleges in his bill that he is the owner of lot No. 20, in Legg's Patent, that he and those under whom he claims, were in possession claiming title from 1833 to 28th of April, 1845; that for four years previous to this latter date, L. Bates occupied the lot as his tenant; that D. Russell on the 11th of November, 1844, instituted summary proceedings under the provisions of the Revised Statutes in relation to landlords and tenants, before a county judge of Essex county, to recover possession of the lot, and succeeded in dispossessing Bates; that the plaintiff defended the suit. And the plaintiff further alleges in the bill that he has sued out a certiorari for the reversal of such proceedings; but that no argument or decision has been had of the suit in the Supreme Court. And he further states in his bill, that he has been advised by his counsel that the affidavit on which summary proceedings were founded was not sufficient to give the county judge jurisdiction. The plaintiff further states that one-half of the lot is uncultivated, that its chief value consists in the timber standing and growing thereon; that the defendant has committed waste, by cutting down large quantities of such timber, which is now lying on said lot; and that unless he is restrained, he will continue to cut down such timber, whereby irreparable injury will be done to the premises; that the defendant is insolvent, &c. The plaintiff prays for an injunction staying further waste, and restraining the defendant from removing or disposing of the timber already cut on the lot.

PAIGE, Justice.—The defendant insists that as he is in possession claiming adversely to the plaintiff, and as the title is in dispute, an injunction bill to stay waste cannot be sustained. *Storms* v. *Mann*, 4 John. ch. 21, is cited in support of this proposition. In that case, the defendant had been in possession of the premises a long time, and was in possession at the time of the filing of the bill—and the plaintiff had commenced an ejectment at law, and the defendant had joined issue with the plaintiff on the question of title, and the action was pending and undetermined. But in the bill in that case, there was no allegation of the insolvency of the defendant, or that the waste which the defendant was committing would be an irreparable injury to the premises.

In this case, as appears from the bill, which is conceded by the demurrer to be true, the plaintiff is the owner of the premises in question, and, as such owner, was in quiet possession thereof from 1833 to the 11th November, 1844, when D. Russell commenced summary proceedings for the recovery of the possession; that the defendant is committing waste by cutting down the standing timber, which will be an irreparable injury

to the land; and that no remuneration for such injury can ever be recovered from the defendant as he is wholly insolvent. Unless, therefore, the injunction is sustained, the plaintiff, in the event of his being restored to the possession by a writ of restitution, will be entirely remediless. If it was necessary at this time to pass upon the affidavit on which the summary proceedings were founded, I should have little hesitation in pronouncing it insufficient to give the county judge jurisdiction. It fails to show that the relation of landlord and tenant existed between Russell and Bates; or even that Bates entered into possession under and by virtue of Russell's title. If the county judge did not acquire jurisdiction, the proceedings before him were entirely void; and the plaintiff's tenant was improperly and legally dispossessed. But, for the purpose of disposing of the demurrer, or of the motion to dissolve the injunction, I do not think it necessary to decide the question as to the sufficiency of the affidavit on which the summary proceedings were founded.

Courts of Equity originally declined to interfere by restraining waste or trespass where the right was doubtful, or the defendant was in possession claiming by an adverse title. (4 John. Ch. 22; Story's Eq. Jur. sec. 918.) But such courts have gradually enlarged their jurisdiction in such cases, and now they interfere to prevent injury to land, even where the title is in dispute and the right is doubtful, if the waste or trespass will be attended with irreparable mischief, or from the irresponsibility of the defendant, or otherwise, the plaintiff cannot obtain relief at law. (Story's Eq. sec. 918; *Hart* v. *Mayor*, 3 Paige, 214; *Winship* v. *Pitts*, id. 261; *N. Y. Print. & Dy. Est.* v. *Fitch*, 1 Paige, 99; Metf. 137; Story's Eq. § 916; *Hawley* v. *Clowes*, 2 John. Ch. 121; Story's Eq. § 928, and note 2; *Hawson* v. *Gardiner*, 7 Ves. 310–11; *Thomas* v. *Oakley*, 18 Ves. 184; *Livingston* v. *Livingston*, 6 John. Ch. 497; *Field* v. *Beaumont*, 1 Swans. 208.) The commission of waste of every kind, such as the cutting of timber, pulling down houses, working of mines, &c. is now a very frequent ground for the exercise of the jurisdiction of courts of equity, by restraining the waste, until the rights of the parties are determined. (Met. Pl. 137; *Livingston* v. *Livingston*, 6 John. Ch. 499 and 500, and cases cited by Chancellor Kent.) The interference by injunction in these cases is placed upon the ground of preventing irreparable mischief and the destruction of the substance of the inheritance. In *Livingston* v. *Livingston*, 6 John. Ch. 497, Chancellor Kent held that injunctions will be granted to prevent trespasses as well as to stay waste, where the mischief will be irreparable, and to prevent a multiplicity of suits. A court of equity will not sustain an injunction bill

filed merely to prevent the removal of timber wrongfully cut, or for an account for waste already committed, as the plaintiff has an ample remedy for such injury at law. But where the bill is filed to prevent future waste, and also to prevent the removal of timber already cut, or for an account for waste already committed, the court, to avoid multiplicity of suits, will decree an account and satisfaction for what has been done, and where the mischief to the plaintiff will be irreparable, will also enjoin the defendant from removing the timber already cut. (*Watson* v. *Hunter*, 5 John. Ch. 168.)

In this case as the defendant is insolvent, the injury to the plaintiff will be irreparable, if the defendant is permitted to remove or dispose of the timber he has already cut on the premises in question.

The plaintiff has no remedy under the Revised Statutes (vol. 2, 336, § 18,) by an application to the Supreme Court for an order restraining the defendant from the commission of waste. He has commenced no action for the recovery of the premises in question, to bring himself within the 18th section of the title relative to waste. (2 R. S. 336.)

The motion to dissolve the injunction must be denied; and the defendant's demurrer must be overruled, with leave to answer the bill in forty days after notice of the order overruling the demurrer, on payment of costs.