Bank of Chenango v. Cox.

THE BANK OF CHENANGO vs. COX and others.

1. An injunction may be granted at the suit of a mortgagee, to prevent the removal from the mortgaged premises of timber trees cut down in waste of the security before the service of the injunction, where the person against whom relief must be sought for the waste committed is insolvent, or where no redress can be obtained at law, or in equity, if the removal bo permitted, or where there is fraud.

2. But where the bill alleges neither of such considerations, and prays an account from the person who has committed the waste, an injunction will not be granted.

Bill to foreclose.   Motion to modify injunction, so as to confine it to future waste from the time when it was issued.

*Messrs. Pennington* and *Dewitt*, for the motion.

*Mr. S. B. Ransom*, contra.

THE CHANCELLOR.

The question presented on this motion is, whether an injunction should be granted at the suit of the mortgagee, to prevent the removal from the mortgaged premises of timber trees cut down in waste of the security before the service of the injunction.   Such injunctions will, sometimes, be granted, but only under special circumstances.   *Watson* v. *Hunter*, 5 *Johns. Ch. R.* 169; *Spear* v. *Cutter*, 5 *Barb.* 486; *Johnson* v. *White*, 11 *Barb.* 194; *Winship* v. *Pitts*, 3 *Paige* 259; *Ensign* v. *Colburn*, 11 *Paige* 503; *Emmons* v. *Hinderer*, 9 *C. E. Green* 39; *High on Injunctions*, § 428.   Where the person against whom relief must be sought for the waste committed, is insolvent, or where no redress can be obtained at law, or in equity, if the removal be permitted, the injunction may be granted.   And so, too, where there is fraud. But, where, as in the case before me, there is no allegation of insolvency, nor any evidence of fraud, nor any circumstance

leading to the conclusion that no redress at law, or in equity, can be had, unless it be by injunction, and an account is prayed in the bill from the person who has committed the waste, the injunction should not be granted.    *Watson* v. *Hunter, supra.*    A statement contained in one of the affidavits appended to the bill is relied on as evidence of fraud.    But that statement is merely, that Dunster, against whom the injunction was prayed and issued, endeavored, by his own personal application, to buy the trees standing on the property from Cox, who then owned the premises, but was unsuccessful, and he subsequently bought them through a real estate broker, for the price of $125.    The affidavit further states, that the felling of the trees cut down by Dunster, has injured the property to the amount of $1000 or more.    There is, in these statements, no evidence of fraud on the part of Dunster, but the contrary.    He appears to have fairly bought the trees, making the best bargain he could for them.    There is no room for any suspicion of collusion between him and Cox.

The injunction will be modified, so as to be confined to the timber standing or growing at the time of service of the injunction.