ROBERT W. EVANS, Appellant, *v.* THE BOARD OF STREET COMMISSIONERS OF THE CITY OF HUDSON, Respondent.

*Allegation of ownership of a lot on a street — a demurrer admits ownership to the center of the street — right to prevent the removal of trees from such street in the city of Hudson — a resolution of the board of street commissioners thereof establishes prima facie jurisdiction — review thereof by certiorari — judicial power and jurisdiction of such board.*

An allegation, in a complaint demurred to, that the plaintiff in the action was the owner of a *locus in quo* bounded by a designated street, is admitted by the demurrer, and if unexplained is an allegation to the effect that the plaintiff is the owner of the fee to the center of such street, subject to the rights of the public therein.

Where the owner of premises abutting on a street in the city of Hudson is the owner of the fee to the center of the street, subject to the rights of the public therein, such person has the right to prevent by injunction the removal of trees, standing on such street in front of his premises, if their removal would work an irreparable injury to his premises, unless the trees have become detrimental or destructive to the highway or interfere with its safe and full use, in which case, only, the

board of street commissioners of the city of Hudson has the power, and it is its duty, to remove or prune the same, having in view the proper maintenance thereof when not detrimental to the highway.

Where a resolution of the board of street commissioners of the city of Hudson recited facts, showing that certain trees upon a street came within the class of trees which it was authorized to remove, and adjudged the same to be the subject of removal, and was followed by a resolution ordering the removal thereof, such recitals are *prima facie* proof that such board had jurisdiction of the subject-matter; under such circumstances the remedy of a person desiring to review the action of such board, in passing such resolution and taking proceedings for the enforcement thereof, would be a review of their determination by a writ of certiorari.

The board of street commissioners of the city of Hudson, while acting within the scope of its authority and jurisdiction, is clothed with judicial power, and its determination upon matters apparently within its jurisdiction cannot be questioned collaterally, but, if its acts or determinations are questioned in a proper proceeding instituted for that purpose, it must be able to establish a state of facts upon which it can base its special judicial discretion.

APPEAL by the plaintiff, Robert W. Evans, from a final judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Columbia on the 28th day of May, 1894, upon the decision of the court rendered at the Ulster Special Term, sustaining the defendant's demurrer to the complaint, and dismissing the complaint, with notice of an intention to bring up for review upon such appeal an order made at the Ulster Special Term and entered in said clerk's office on the 28th day of May, 1894, sustaining the defendant's demurrer to the plaintiff's complaint.

*Samuel B. Coffin*, for the appellant.

*Richard B. Aldcroftt*, for the respondent.

MAYHAM, P. J.:

This is an appeal from a final judgment entered upon the decision of the Special Term sustaining the defendant's demurrer to the plaintiff's complaint.

This action was brought by the plaintiff, who is the owner of land situate on the north side of Warren street, in the city of Hudson, and bounded upon that street. The complaint alleges that the defendant, "The Board of Street Commissioners" of the city of Hudson, was created by chapter 276 of the Laws of 1891, as amended

by chapter 697 of the Laws of 1892, and that prior to the enactment of chapter 276 of the Laws of 1891 the control of the streets of the city of Hudson and the regulation thereof was in the common council; that section 56 of the charter of the city of Hudson, passed May 1, 1872, defined the powers of the common council over the streets of that city as follows; the common council has power " to require, direct and regulate the planting, rearing and preserving ornamental trees in the streets and public grounds of the city," and that pursuant to that authority it passed the following ordinance which was in force until superseded by those passed by the defendant :

" Section 51. No person shall put out or plant any shade or ornamental tree otherwise than on the inside of the curbstone of the gutter without permission of the Common Council.   *   *   * But if there be no gutter laid, then the Street Committee shall fix the place where they shall be respectively put."

The complaint also set out the general powers and duties of the street commissioners, among which are the right to sue and be sued, and that they are invested with all the powers and duties of commissioners of highways of towns, and that they are especially vested by section 8 of chapter 276 of the Laws of 1891 with the following powers and duties :

" They shall also have power and it shall be their duty to regulate and control the planting and setting out of trees upon the streets and public places of said city, and in case any tree or trees, growing or standing upon any of the aforesaid highways of the city, become detrimental or destructive to said highways, or interfere with their safe and full use, the board shall have power, and it shall be their duty, to remove or prune the same, having in view at all times the proper maintenance of the same, when not detrimental to such highways, for ornament and shade."

The complaint alleges that under section 20 of the last-mentioned act the defendant was authorized to make all needful rules and regulations for the exercise of the power conferred upon it, and do whatever the board might deem necessary for the performance of the provisions of that act.

The complaint also alleges that under the power conferred by the last-named section the defendant in the year 1893 passed the fol-

lowing ordinance : " It shall be lawful for any owner or occupant of premises fronting on any public street or alley, and, upon notice from the board of street commissioners, it shall be his duty, to plant shade trees in the sidewalk in front of such premises ; such trees, however, shall not be placed nearer than one foot from the curb-line, nor shall they be placed within a space of six feet along the center of the sidewalk, except by permission of the Street Commissioners." Section 11 of that ordinance provides as follows :

" All shade trees growing in the sidewalk must be kept trimmed at least twelve feet from the ground." The complaint also alleges that in the spring of 1893 the defendant provided by contract for the repaving of Main street, and on the twentieth of May of that year, at a special meeting of the board of street commissioners, a resolution was passed requiring the removal of all trees on that street between points named in the resolution, standing between the northerly and southerly curbline of the street, and directing the superintendent of highways to remove the same.

The complaint shows that this resolution did not embrace trees standing inside of the curbstone, but that all trees standing between the curblines were removed pursuant to it, and that subsequent to such removal, certain lot owners on that street, pursuant to the ordinance of the defendant, planted and set out trees in the sidewalk, which are still standing and growing where so set out and planted. " Warren street, where plaintiff's premises are located, runs for about a mile and a half, the length of the city, from the hill overlooking the river, known as Promenade Hill, to Prospect Avenue."

Plaintiff's premises are situated on the northerly side of the street, between Fourth and Fifth streets, the house standing about fifteen feet from the street. The street at this point is sixty-six feet in width, and the sidewalk in front of plaintiff's lot is twelve feet seven inches in width, and at the outer edge thereof, within the sidewalk, stand four elm trees, thrifty and properly trimmed, the largest being about two feet in diameter. They were planted about thirty-five years ago, pursuant to authority, and have ever since been maintained and cared for by the plaintiff and his predecessors in title.

The complaint further alleges, among other things, as follows :

HUN — VOL. LXXXIV.     27

" That the said defendant, at a special meeting held by it in said city, on the 29th day of January, 1894, passed the following resolution :

" *Resolved.* That all trees, posts, horseblocks and other obstructions, between the northerly and southerly lines of Warren St. from Promenade Hill to Seventh street, be removed, and that notice be served upon all persons, corporations and companies, owning or having charge of said trees, posts and horseblocks, to remove the same in accordance with section 7, chapter 276 of the Laws of 1891, as amended by chapter 697 of the Laws of 1892, before the first day of March, 1894, also that all wood awnings on Warren street, from Promenade Hill to Seventh street, shall be removed and that the secretary be and is hereby directed to serve a notice on owners to remove the same ; and

" *Resolved.* That if said trees, posts, horseblocks and awnings be not removed by the first day of March, 1894, that the same shall be done under the direction of the Superintendent of streets.

" That section 7 of said act, in the last-mentioned resolution, does not provide for the removal of trees.

" That no notice of intention to offer such resolution last mentioned was given at any meeting previous to the special meeting last above mentioned.

" That no notice of the adoption of that last-mentioned resolution was served on the plaintiff herein.

" That said Warren street is sixty-six feet in width, and the sidewalk in front of the plaintiff's premises is twelve feet seven inches in width ; that plaintiff's house stands about fifteen feet from the northerly line of said street.

" That there are now standing and growing on the outer edge of said sidewalk in front of plaintiff's house four large, thrifty elm trees, the diameter of the largest tree being about two feet one and one-half inches. That said trees are well trimmed and the lowest branch is twenty feet from the ground.

" That three of said trees were planted in said sidewalk, pursuant to authority of the city authorities more than thirty-five years ago, and the fourth some years after said time, and have ever since been carefully nourished and preserved by plaintiff and his predecessors in title.

" That said trees were left standing by the said defendant when said street was excavated in 1893, and the roots of said trees were at that time excavated and dug out and removed so that they should not interfere with the new pavement then laid by said defendant.

" That said four trees do not in any way interfere with the safe and full use of said street, and have not become detrimental or destructive to said highway, and do not interfere with the lighting of said highway. Nor has said defendant decided that said trees have become destructive or detrimental to said street.

" That plaintiff's premises aforementioned are on the north or sunny side of said street, and said trees greatly enhance the value of his premises, and are greatly beneficial to the same for ornament and shade, and for preventing the spread of any conflagration. That the removal of said trees would greatly depreciate the value of plaintiff's premises, and would be an irreparable injury to his property rights, which could not be compensated in damages.

" That said sidewalk in front of plaintiff's premises is clear and free from any obstruction between the said trees and the northerly line of said street.

" That, with few exceptions, the sidewalk of said street, throughout the full length thereof, is obstructed, with permission of said defendant, and pursuant to ordinances heretofore passed, with stoops, areaways, railings and fences extending from the northerly and southerly lines of said street into said sidewalks about four feet, and along the outer edge of such walks are lines of telegraph, telephone and electric railway poles, placed and standing there by permission of said defendant.

" That plaintiff's sidewalk is free and clear from any such obstruction.

" That the northerly side of said street is the least traveled side, the number of those traveling there being about half as many as those traveling on the southerly side.

" The said defendant threatens to remove said four trees belonging to plaintiff.

" That said defendant has exceeded the power conferred upon it by sections 7 and 8 of said Act of 1891 in passing the resolution hereinabove mentioned in the XVIII clause of this complaint.

"That the power that is vested in said defendant by the Acts of 1891 and 1892, to remove and prune and regulate the planting and setting out of trees on Warren street between Third and Seventh streets was fully exercised by said Board when it repaved said street in 1893, and when it then removed all trees found to be detrimental and destructive to said highway, and left standing and carefully maintained and preserved for ornament and shade those standing in the sidewalk of said street, and especially those belonging to plaintiff, hereinabove mentioned, and that such power is now *functus officio.*

"That the threatened removal of said trees by the defendants is a wanton, willful and perverse abuse of the discretion vested in them, and that all said acts and doings of said board in relation or tending to the removal of said trees are in bad faith, and in direct opposition and contrary to the interest and property rights of plaintiff, and are in defiance to and in opposition to the true meaning and intent of sections 7 and 8 of said chapter 276 of the Laws of 1891, and of the ordinances of said board of Street Commissioners. That the injury which will be done to the plaintiff, if the defendant removes said trees in front of his premises, which are valuable premises, will be constant, continuous and irreparable, and that in no way can this plaintiff obtain adequate redress but by the equitable interference of this court in preventing the wrong and injury threatened to him and to his said property by the defendant.

"Wherefore, the plaintiff demands judgment that the defendant, its counsellors, attorneys, agents and servants, and each and every one of them, be forever restrained from cutting down, felling, barking, removing or otherwise wasting or impairing the four elm trees now standing and growing in front of plaintiff's house on Warren street, herein above described, and from removing any and all such trees, and for such other and further relief in the premises as may be just, and for the costs and disbursements of this action."

This complaint, upon its statement of facts, presents upon its face, it seems to us, grounds for equitable relief, unless from its statements of the law under which the defendant assumed to act, and the resolutions and ordinances of the defendant set out in the complaint, the threatened acts of the defendant are justified.

We are not favored by the learned trial court with any opinion, and must, therefore, examine and determine the question raised on appeal unaided by the light which his opinion would throw upon the case. The material allegations of fact set out in the complaint being admitted by the demurrer, we must first determine whether such facts entitle the plaintiff to the relief demanded in the complaint. The demurrer admits that the plaintiff is the owner of the *locus in quo* bounded by Warren street on the south.

That makes him, unexplained, the owner of the fee to the center of Warren street, subject to the rights of the public in it as as a public street. This doctrine seems too well settled to require a citation of the numerous authorities cited by the learned counsel for the appellant. Reference to a few of the authorities upon that subject may, however, be allowable. (*Matter of Seventeenth Street*, 1 Wend. 262; *Matter of John & Cherry Streets*, 19 id. 659; *Jackson* v. *Hathaway*, 15 Johns. 452; *People* v. *Law*, 34 Barb. 502; *Hennessy* v. *Murdock*, 137 N. Y. 317; *Cunningham* v. *Fitzgerald*, 138 id. 165.)

That being so, the plaintiff has a right to prevent the removal of these trees by injunction, if such removal would work an irreparable injury to his premises, unless in the language of section 8, chapter 276 of the Laws of 1891, they have "become detrimental and destructive to said highways, or interfere with their safe and full use," in which case, "the board shall have power and it shall be their duty to remove or prune the same, having in view at all times the proper maintenance of the same when not detrimental to such highways, for ornament and shade."

It will be observed that the resolution of the board of street commissioners of June 29, 1894, under which these trees of the plaintiff were to be removed, does not recite, nor does it appear any where in the complaint, that they were, or had become detrimental or destructive to such street or highway or that they interfered with the safe and full use of the same, which seems to be the only condition, under section 8, above quoted, under which the defendant can remove them, while in the complaint it is expressly averred that the four trees do not in any way interfere with the safe and full use of said street, and have not become detrimental or destructive to said highway, and do not interfere with the light of the same, and

the complaint affirmatively alleges that the defendant has not decided that the said trees have become detrimental or destructive, so as to bring them within the condemnation of the statute.

As alleged in the complaint the case presents no adjudication that the trees which the defendant threatens to remove are within the condemnation of the statute or subject to the judicial discretion vested in the defendant, while on the other hand the complaint contains affirmative allegations that the trees, as matter of fact, are not such as the commissioners are authorized to remove under section 8 of the statute above quoted. Assuming, therefore, as we must, on this demurrer, that the allegations of fact in the plaintiff's complaint are admitted and, therefore, true, the defendant without right or authority of law is threatening to do an act which will result in an irreparable injury to the plaintiff's premises.

Had the defendant in the resolution recited facts showing that these trees came within the class of trees which the defendant was authorized to remove, and that it adjudged them to be the subjects of removal, followed by a resolution or order for such removal, such recitals would *prima facie* show that it had jurisdiction of the subject-matter, and its determination upon matters apparently within its jurisdiction, being of a judicial character, could not be questioned collaterally in this action, and the remedy of the plaintiff would in such case have been by certiorari or some other appropriate proceeding to review the action of the commissioners in passing the resolution and taking proceedings for its enforcement.

But the attitude in which this complaint places the defendant is that of capricious and unauthorized meddling with the rights and property of the plaintiff, doing him an irreparable injury without bringing itself within the conditions by which it can justify its acts under the statute from which it claims to derive its authority. There is no doubt that the defendant, while acting within the scope of its authority and jurisdiction, is clothed with judicial powers, and, when acting in such judicial character within its jurisdiction, its determinations cannot be attacked collaterally.

But when its acts or determinations are questioned, it must be able to show a state of facts upon which it can establish its special judicial discretion.

In *Underwood* v. *Green* (42 N. Y. 140) the court, in discussing

the incidental judicial powers of administrative officers, uses this language: "While it must be conceded that the inspector, in the discharge of his duties, * * * is clothed with a judicial discretion, yet he is an officer of a limited and special jurisdiction, and when in any given case his power is challenged, he must prove some facts invoking, or tending to invoke, the exercise of his discretion."

It is by no means improbable that if an issue of fact were joined in this case the defendant might, upon the proof, show that these trees came within some of the provisions of the statute which would justify the defendant in making the order for their removal; but taking the allegations of this complaint all together, these trees are not brought within the condemnation of the statute which would justify the defendant in removing them. .

We think, therefore, that a valid cause of action is set out in the complaint for the equitable relief demanded.

*First.* The property sought to be interfered with or taken belongs to the plaintiff.

*Second.* The proposed interference by the defendant would produce irreparable injury.

*Third.* For that injury the plaintiff would have no adequate redress at law. (*Flood* v. *Van Wormer*, 70 Hun, 415.)

*Fourth.* The jurisdiction of the defendant to make the removal is not, from the allegations of the complaint, established.

The order sustaining the demurrer and the judgment entered thereon should be reversed and demurrer overruled, with costs, and the defendant should have leave to answer upon payment of costs of the demurrer, including costs on this appeal.

PUTNAM and HERRICK, JJ., concurred.

Judgment and order reversed and demurrer overruled, with costs and costs of this appeal, the defendant to have leave to answer upon payment of costs.