JOHN FLOOD, Respondent, *v.* HENRY VAN WORMER, as Commissioner of Highways of the Town of Rotterdam, Appellant.

1. PUBLIC OFFICER — INJUNCTION — IRREPARABLE INJURY.   Where a public officer, under color of office and the provisions of a statute, threatens to do an act which will inflict permanent damage to the realty of another, the owner thereof is not bound to wait until the threatened act has been actually committed, but may at once invoke the equitable interference of the courts to restrain such act, on establishing that he does not come within the provisions of the statute under which the officer claims to act.

2. COMMISSIONER OF HIGHWAYS — ABUSE OF AUTHORITY — CLOUD ON TITLE.   In an action brought to restrain the defendant as commissioner of highways from removing plaintiff's house as encroaching upon the highway, under the Highway Law (Chap. 568, Laws of 1890, § 105), it appeared that the defendant had served a notice upon the plaintiff, which was also filed in the town clerk's office, to the effect that his house encroached upon the highway to an extent described, and he was required to remove the building; annexed to the notice was a copy of an order which recited that the commissioner of highways had ascertained that the highway was so encroached upon, and which ordered the house to be removed; it also appeared that the defendant stated to the plaintiff that he would move his house after collecting the fine.   Plaintiff recovered a judgment adjudging that his house did not encroach upon the highway and restraining the defendant as prayed for.   *Held,* proper; that while the action could not be maintained upon the ground that the notice created a cloud upon plaintiff's title, it was maintainable (PECKHAM, J., dissenting) by reason of a threatened abuse of authority by a public officer under color of office; that as the statute gave the power to defendant to proceed summarily against the

plaintiff's property, and he had threatened to exercise it, plaintiff having established that he did not come within the provisions of the statute, was. entitled to an injunction restraining the threatened injury.

Reported below, 70 Hun, 415.

(Argued October 9, 1895; decided October 22, 1895.)

APPEAL from judgment of the General Term of the Supreme Court in the third judicial department, entered upon an order made July 8, 1893, which affirmed a judgment in favor of plaintiff entered upon the report of a referee.

The nature of the action and the facts, so far as material,. are stated in the opinion.

*Alonzo P. Strong* for appellant. The referee finds as a. conclusion of law that the defendant's notice to plaintiff created a cloud on the title of the plaintiff's property, and that. this action could be maintained as one to aid in the removal of such cloud. This is a material error, requiring the reversal of this judgment. (Laws of 1891, chap. 568; 1 R. S. art. 5,. tit. 1, chap. 16; Laws of 1878, chap. 245; Const. art. 1, § 6; *Stuart* v. *Palmer,* 74 N. Y. 183; *Remsen* v. *Wheeler,* 105. N. Y. 573; *Horn* v. *Town of New Lots,* 83 N. Y. 100; *Works* v. *City of Lockport,* 28 Hun, 9; *People ex rel.* v. *Bd.. of Health,* 140 N. Y. 1; *Houghtaling* v. *Walling,* 48 Hun, 104; *Moores* v. *Townshend,* 102 N. Y. 387; *Lehman* v. *Roberts,* 86 N. Y. 239; *Washburn* v. *Burnham,* 63 N. Y. 134; *Ward* v. *Dewey,* 16 N. Y. 522; *Townsend* v. *Mayor, etc.,* 77 N. Y. 545; *Allen* v. *City of Buffalo,* 39 N. Y. 386; *Guest* v. *City of Brooklyn,* 69 N. Y. 513; *Scott* v. *Onderdonk,* 14 N. Y. 12; *Marsh* v. *City of Brooklyn,* 59 N. Y. 283; *Mayor* v. *Meserole,* 26 Wend. 132; *Overing* v. *Foote,* 43 N. Y. 290; *Cox* v. *Clift,* 2 N. Y. 118.) If this action be regarded as one to restrain a threatened injury to the freehold likely to cause irreparable injury, then the judgment is not only unsustained by the evidence and facts as found by the referee, but is contrary to both the evidence and the facts as so found. (*Bonnell* v. *Griswold,* 89 N. Y. 122; *Schwinger* v. *Raymond,* 83 N. Y.

192; *Conselyea* v. *Blanchard*, 103 N. Y. 231; *Redfield* v. *Redfield*, 110 N. Y. 671; *Green* v. *Roworth*, 113 N. Y. 462.) The service of the notice alone, if it be not a cloud on the title, unaccompanied by any overt or threatened wrongful entry on plaintiff's premises, gives plaintiff no cause of action, though no encroachment in fact existed. (*Guest* v. *City of Brooklyn*, 69 N. Y. 506; *People* v. *Canal Board*, 55 N. Y. 390; *Hartwell* v. *Armstrong*, 19 Barb. 166; *Moores* v. *Smedley*, 6 Johns. Ch. 31; *Leroy* v. *City of New York*, 4 Johns. Ch. 352; *Whitney* v. *Mayor, etc.*, 1 Paige, 548; *Mayor, etc.* v. *Meserole*, 26 Wend. 132, 138; *Gillespie* v. *Broas*, 23 Barb. 370, 378; *Keirnan* v. *Newton*, 20 Abb. [N. C.] 398; *Thomas* v. *M. M. P. Union*, 121 N. Y. 45, 52; *Gerret* v. *D. & H. C. Co.*, 122 N. Y. 505, 529; *People* v. *Coffin*, 7 Hun, 608; 71 N. Y. 612; *Wright* v. *Fleming*, 12 Hun, 469, 472.)

*Lewis Cass* for respondent. Defendant's "notice" created a cloud on plaintiff's title, and this action can be sustained as one to remove such cloud. (Laws of 1890, chap. 568, §§ 3, 4, 105; *Marsh* v. *City of Brooklyn*, 59 N. Y. 283; *Guest* v. *City of Brooklyn*, 69 N. Y. 514; *Townsend* v. *Mayor, etc.*, 77 N. Y. 546; *King* v. *Townshend*, 141 N. Y. 361; *Mellen* v. *Mellen*, 139 N. Y. 221; *Butler* v. *Johnson*, 111 N. Y. 219; *O'Flynn* v. *Powers*, 136 N. Y. 423; *Schroeder* v. *Gurney*, 73 N. Y. 430; 2 Beach on Injunc. § 1005.) The action may be regarded as one to restrain a threatened injury to the freehold likely to cause irreparable injury, and the judgment is supported by the evidence and the findings. (*King* v. *Townshend*, 141 N. Y. 361; *Cook* v. *Harris*, 61 N. Y. 455; *Belknap* v. *Belknap*, 2 Johns. Ch. 463, 473; *Livingston* v. *Livingston*, 6 Johns. Ch. 497; *Fox* v. *Fitzsimmons*, 29 Hun, 574; *Corning* v. *T. I. & N. Factory*, 40 N. Y. 191, 206, 207; *W. P. I. Co.* v. *Reymert*, 45 N. Y. 705; *L. F. Co.* v. *L. G. Co.*, 82 N. Y. 476, 486; *Wheelock* v. *Noonan*, 108 N. Y. 179, 186; *Baron* v. *Korn*, 127 N. Y. 224; *Mitchell* v. *Thorne*, 13 N. Y. 539; *Cunningham* v. *Fitzgerald*, 138 N.

Y. 165; *E. B. Co.* v. *Village of Haverstraw,* 142 N. Y. 146; Beach on Injunc. §§ 1007, 1125, 1133, 1135, 1312, 1317, 1328; *Mayor, etc.,* v. *Meserole,* 26 Wend. 140; *People ex rel.* v. *Bd. of Health,* 140 N. Y. 8.) The highway commissioner should have brought an action for the removal of the encroachment, and cannot complain because his proceedings made him a defendant instead of plaintiff. (1 R. S. art. 5, tit. 1, chap. 16, §§ 102–109; *Doughty* v. *Brill,* 1 Abb. Ct. App. Dec. 524; Laws of 1862, chap. 243, § 107; Laws of 1870, chap. 125, § 103; Laws of 1878, chap. 245, §§ 103, 104; Laws of 1855, chap. 255; Laws of 1890, chap. 568, §§ 15, 104, 105, 182; *Cook* v. *Covil,* 18 Hun, 288; *Talmage* v. *Hunting,* 29 N. Y. 447; *Pugsley* v. *Anderson,* 3 Wend. 468; *Wetmore* v. *Tracey,* 14 Wend. 252; *Van Wick* v. *Lent,* 33 Hun, 301; *Hathaway* v. *Jenks,* 67 Hun. 289; *Cook* v. *Harris,* 61 N. Y. 455; *Driggs* v. *Phillips,* 103 N. Y. 83; *Spier* v. *Town of New Utrecht,* 121 N. Y. 429; *Horey* v. *Village of Haverstraw,* 124 N. Y. 278; *James* v. *Sammis,* 132 N. Y. 247.)

GRAY, J. This was an action in equity to restrain the defendant, as commissioner of highways, from removing the plaintiff's house as encroaching upon the highway. The judgment recovered by the plaintiff adjudged that his house did not encroach upon the highway and restrained the defendant as prayed for.

We think that the equitable interference of the court was properly invoked and that its decree should be sustained, upon the ground that the defendant, as a public officer, under color of office, had threatened to do an act which would inflict permanent damage to plaintiff's property and that the plaintiff was not bound to wait until the defendant had actually committed the threatened act.

Section 105 of chapter 568 of the Laws of 1890, known as the Highway Law, provides, in the event of the neglect or refusal of the owner or occupant of land to remove an encroachment within the time specified in the notice served by the commissioners of highways, that, "he shall forfeit to the

town the sum of twenty-five dollars ; and the commissioners may remove such obstruction or encroachment at the expense of the town, * * * or the said commissioners may bring an action in any court of competent jurisdiction to compel such owner or occupant to remove such obstruction or encroachment." The defendant served a notice upon the plaintiff to the effect that his house encroached upon the highway, to an extent described, and he was "required, according to the statute in such case," etc., to remove the building within sixty days. Annexed to it was a copy of an order, reciting that the commissioner of highways had ascertained that the highway in question was encroached upon in a certain manner and to an extent described, and which ordered the house to be removed.

I do not think that the action could be maintained upon the ground that the notice, which was filed in the town clerk's office, created a cloud upon the plaintiff's title. The notice lacked the elements of a judicial determination and was an *ex parte* proceeding.

But I think the action was maintainable upon the ground of a threatened abuse of authority by a public officer, under color of office. By the terms of the Highway Act, authority was conferred upon the commissioner of highways to remove the obstruction, or encroachment, upon the highway and it is made optional with him whether he shall first bring an action to compel such a removal. According to the evidence, and the referee so found, the defendant stated to the plaintiff that he would move his house, after collecting the fine. Was the plaintiff bound to wait until the commissioner had actually commenced to remove his building and had committed a trespass upon his freehold, of a nature perhaps not to be compensated for in damages ? I think not.

The section of the Highway Law referred to did not provide the opportunity, which previously existed under the law, for the trial of the question of encroachment and it seems to be in the line of a just protection to the rights of the citizen, with whose property a public officer, acting under the color

of law, has threatened to interfere, that he should be permitted to go into a court of equity and, assuming the burden of proving that he has not rendered himself amenable to the provisions of the law, under which the public officer claims to act, have the question once and for all determined and thus prevent irreparable injury.

In *Ryan* v. *Brown* (18 Mich. 196) the bill was filed to restrain the defendants, a canal board, from committing a threatened trespass upon the complainant's property, by removing certain cribs as a foundation for docks in a river and the point was made that the injury complained of was not such as to authorize the interference of a court of equity. Justice CAMPBELL, speaking for the court, very pertinently observed that " the case also involves an abuse of authority by public officers and agents, under color of office; and ever since the case of *Osborn* v. *Bank of U. S.* (9 Wheat. 738), it has been held that such official oppression would make it proper to interfere upon a less grievance than would justify proceedings on private misconduct, for reasons that are too obvious to require explanation." In *People* v. *Canal Board* (55 N. Y. 390), it was held that while a court of equity has no supervisory power or jurisdiction over public officials, or public bodies, it will exercise its peculiar jurisdiction over them to prevent some illegal act, under color or claim of right, affecting injuriously the property rights of individuals. It is under one of the heads of equity jurisdiction that the court interferes to prevent injury to land, if the trespass will be attended by irreparable mischief and plaintiff may be unable to obtain relief at law. (*Spear* v. *Cutter*, 5 Barb. 486.)

The Highway Act gives the power to the defendant to proceed summarily against the plaintiff's property, and he has threatened to exercise it, and I see no good reason for refusing to the plaintiff the aid of a court of equity, to restrain the threatened mischief, when he establishes that he does not come within the provisions of the act, under whose authority the defendant threatens to proceed.

The judgment should be affirmed, with costs.

All concur, except PECKHAM, J., dissenting, on the ground that there is no evidence in the case showing any threats made on the part of the defendant to do any irreparable injury. The threat was to commence an action first, and, upon recovery in that action, then to remove the obstruction.

Judgment affirmed.