## DWYER v. RORKE.

(Supreme Court, Appellate Division, First Department.   November 20, 1896.)

PARTNERSHIP—SETTLEMENT OF ACCOUNTS—BURDEN OF PROOF.

Where partners agree that on the settlement of the partnership accounts no charges shall be made "save for expenses or disbursements actually paid or incurred," the burden is on the partner who entered the charges to show that they had been actually paid or incurred; and he cannot rely on acquiescence, implied by the fact that his co-partner had not objected thereto at the time of their entry in the books, or when contained in a subsequent statement.

Appeal from judgment on report of referee.

Action by Thomas N. Dwyer against James Rorke to dissolve a partnership and for an accounting. There was a judgment in favor of plaintiff, and defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, WILLIAMS, PATTERSON, and O'BRIEN, JJ.

George A. Strong, for appellant.

George Putnam Smith, for respondent.

VAN BRUNT, P. J. On or about the 23d of February, 1884, a co-partnership was formed between the plaintiff and the defendant under written articles for a term of five years, which co-partnership was continued for five years to the 23d of February, 1889, the date provided in the articles for its expiration. In July, 1893, the defendant having disputed certain charges made for expenses and disbursements by the plaintiff in the accounts which had been rendered, and the defendant desiring a settlement of the partnership accounts, and the plaintiff desiring to go to Europe, and wishing that such settlement be postponed, the parties, on the 11th of July, 1893, entered into an agreement reciting the fact of the co-partnership, and that a question had arisen in reference to the settlement of the accounts, by which it was mutually agreed:

"First, that in the settlement of the accounts of the partnership between said partners no charges shall be made by either partner for expenses or disbursements, save for expenses and disbursements actually paid or incurred."

The next clause of the agreement provided:

"That, as Mr. Dwyer expects to sail for Europe on the 12th day of this month, a co-partnership accounting of all the past transactions of said firm from its inception to the present time shall be had as soon as possible after his return to the city of New York, not exceeding one month after such return."

The second provision of the agreement was as follows:

"Second. It is further expressly agreed and understood that for the future no charges shall be made by the party of the first part for expenses or disbursements, save for expenses and disbursements actually paid out by said first party, and that any future settlement of partnership accounts shall be made under and pursuant to the rule here stated."

Then follows a provision for an extension of the co-partnership for the further term of five years from the 23d of February, 1894. On the 19th of October, 1893, the defendant wrote to the plaintiff:

"I write to call your attention to your agreement with me of July 11th, 1893, which provides that, as you expected to sail for Europe the next day, July 12th, a partnership accounting of all the past transactions of the firm of Thomas N.

Dwyer & Co., from its inception to the then present time, should be had as soon as possible, and not exceeding one month after your return to New York City. The extension of that partnership was consented to by me on the express condition that such accounting should be had, and I now request that it be taken without further delay."

Thereupon the plaintiff began this action on or about the 20th of October, 1893, praying for a dissolution of the co-partnership and an accounting. On the 31st of October, 1893, the parties consented to the entry of an interlocutory judgment by which the co-partnership was dissolved, and it was provided that an account be taken of all the partnership dealings and transactions from the commencement thereof, and of the moneys received and paid by the plaintiff and defendant respectively in relation thereto. The judgment further provided that, in case of any disagreement between the parties as to any item or items contained in said accounts when the same shall be made up, it be referred to the referee named in the judgment to hear and determine the issues and to take proof, and report to this court, with his opinion as to whether said item or items should be allowed or disallowed, and what, upon the balance of said account as adjusted by him, should appear to be due from either party to the other. Differences having arisen in reference to the accounts, proceedings were had before the referee, and the books of the firm, the annual statements, and an account of the condition of the firm to 1893 were filed by the plaintiff as a basis for the accounting. The defendant then filed exceptions to the account as to the expenses and disbursements charged in the account as having been made by the plaintiff. The referee ruled that the burden lay upon the defendant to overthrow such items in the account as were objected to by him. This ruling was made at the opening of the trial, and reaffirmed in the referee's report; the referee holding that, in the absence of fraud or mistake or failure to object to charges for disbursements or expenses at the time they were entered in the books or contained in the statements, the defendant must be held to have approved and acquiesced in such charges. The question presented upon this appeal is whether this ruling was correct.

We think, upon a consideration of the agreement of the 11th of July, 1893, that it became incumbent upon the plaintiff to establish by proof that the expenses and disbursements which were contained in his account had been actually paid or incurred. This is the express provision of the agreement. It appears from that agreement that it was expected, after the plaintiff's return, that the accounts of the firm from its inception to the 11th of July, 1893, were to be settled. The defendant made objections to charges which were contained in those accounts as made by the plaintiff; and it is probable from the circumstances of the case that but for the agreement of the 11th of July, 1893, it would have been incumbent upon the defendant to have established fraud or mistake in reference to these charges. But, in order to avoid the legal implication of the settlement of these accounts, the parties entered into this agreement, and provided that no charges should be made

by either party for expenses and disbursements, save for expenses and disbursements actually paid or incurred. And that this applied to the business of the firm prior to the execution of the agreement is manifest from the fact that they have an express provision in respect to the charges which were to be made for expenses and disbursements in the future business of the firm. The first clause of the agreement would be absolutely meaningless if the burden was upon the defendant to show fraud or mistake in reference to these charges for expenses or disbursements. That would have been the result had there been no agreement. But, in order to avoid this implication, and as a condition of postponing this accounting until the plaintiff should return from Europe, and as a consideration for an agreement to extend the co-partnership for five years, it was provided that in the settlement of the accounts of the co-partnership no charges should be made by either party for expenses and disbursements, save for expenses and disbursements actually paid or incurred. It became, therefore, clearly the duty of the plaintiff, when objection was made to these charges, to show by proof that they were actually paid or incurred; and he could not rely upon the fact of acquiescence in the charges upon the part of the defendant. This was an error which pervaded the whole of the proceedings before the referee, and necessarily affected the condition of proof upon which he was called upon to pass. We think, therefore, that the conclusion of the referee was founded upon an erroneous assumption of the relations of these parties. As has been already said, in consequence of this agreement the plaintiff took upon himself the burden of showing that what he charged for expenses and disbursements had been actually paid or incurred.

The judgment appealed from should be reversed, and a new trial of the question as to the accounts should be had before another referee, to be agreed upon by the parties; but, if the parties cannot agree upon a referee, a new referee will be appointed by the order to be entered upon this decision. Costs of this appeal to the appellant to abide the event. All concur.