DOWD, Appellant, v. CITY OF YONKERS, Respondent. (Supreme Court, Appellate Division, Second Department. April 13, 1897.) Action by Annie Dowd against the city of Yonkers. No opinion. Judgment unanimously affirmed, with costs.

DUFFY, Respondent, v. BURTON, Appellant. (Supreme Court, Appellate Division, Second Department. April 20, 1897.) Action by John Duffy against Isabella M. Burton. No opinion. Motion to dismiss appeal on the ground of the assignment by the appellant denied. Motion to dismiss appeal for nonservice of papers granted, unless the appellant files and serves the appeal papers on or before April 23, 1897, and stipulates to argue the appeal on the next motion day, in which event the motion is denied.

DWYER, Plaintiff, v. RORKE, Defendant. (Supreme Court, Appellate Division, First Department. March 5, 1897.) Action by Thomas N. Dwyer against James Rorke. G. Putnam Smith, for plaintiff. G. A. Strong, for defendant. No opinion. Motion granted, unless the plaintiff, within 10 days after notice of the entry of the order hereon, shall give a bond, with two sureties, in the penalty of $15,000, conditioned to pay to the defendant the whole or such part of the sum of $10,000 received by the plaintiff from the Central Trust Company, with interest thereon from the time of such receipt, as the defendant shall be finally adjudged to be entitled to. See 40 N. Y. Supp. 934; 41 N. Y. Supp. 721, 1114.

EATON, Respondent, v. NEW YORK CENT. & H. R. R. CO., Appellant. (Supreme Court, Appellate Division, Fourth Department. April 10, 1897.) Action by Edwin A. Eaton against the New York Central & Hudson River Railroad Company. No opinion. Motion denied, with $10 costs and disbursements. All concur, except WARD, J., dissenting. See 43 N. Y. Supp. 666.

ELEVENTH WARD BANK, Respondent, v. HOYT et al., Appellants. (Supreme Court, Appellate Division, First Department. April 15, 1897.) Action by the Eleventh Ward Bank against Gabriel Hoyt and others. E. Raymond, for appellants. G. S. P. Stillman, for respondent. No opinion. Order affirmed, with $10 costs and disbursements.

ELSHEIMER, Respondent, v. CITY OF NIAGARA FALLS et al., Appellants. (Supreme Court, Appellate Division, Fourth Department. April 10, 1897.) Action by Louis Elsheimer against the city of Niagara Falls and others. The decision contained the following conclusions of law: "(1) That plaintiff's premises are not within the limits of Main street, in the city of

Niagara Falls, N. Y., and the line of Main street as adopted by the council, August 22, 1892, and recorded in the city clerk's office, and a map of which is filed and indexed in Niagara county clerk's office, September 22, 1892, is not the correct east line of Main street along plaintiff's premises; (2) that a perpetual injunction issue restraining the city and its officers, agents, and servants from interfering with or removing the buildings upon plaintiff's premises." Morris Cohn, Jr., for appellants. W. E. Willey, for respondent.

HARDIN, P. J. In respect to the important questions of fact determined by the special term in its findings of fact in favor of the plaintiff, there was a conflict in the evidence. Upon looking into the evidence, we think it sustains the conclusions of fact stated in the findings of the learned trial judge. In 1892, Burns, a civil engineer of the city, prepared a map, which was submitted to the common council, and approved by it, and it was ordered filed in the county clerk's office. Burns testified that the common council ordered him to file it. That map showed a profile of the part of Main street which included the premises in question, and it was indexed in the county clerk's office in a book kept for that purpose. If the line found upon that map were to prevail, it was cut off from the plaintiff's building some 4.35 feet. The evidence seems to indicate quite clearly that it was the intention of the defendants to interfere with the buildings of the plaintiff, and to take such measures as the city and its officers should deem expedient to establish the line as proposed upon the map which had been filed by the direction of the common council with the county clerk. We think the conclusions of law stated by the trial judge should be sustained. Evans v. Board, 84 Hun, 206, 32 N. Y. Supp. 547; Flood v. Van Wormer, 70 Hun, 415, 24 N. Y. Supp. 460, affirmed 147 N. Y. 284, 41 N. E. 569; Folmsbee v. City of Amsterdam, 142 N. Y. 118, 36 N. E. 821.

2. Two or three rulings made in respect to evidence offered during the trial are made the subject of criticism. We have looked at them, and are satisfied that the rulings present no prejudicial error requiring us to disturb the findings of fact made by the trial judge. Nor do we think the defendants can complain successfully of the statement made at the conclusion of the findings, that the damages claimed in the action were not considered, "as they, if any, accrued after the commencement of the action, and were eliminated from the case, the claim therefor having been withdrawn by the plaintiff upon trial." It is not apparent how the defendants suffered by reason of such statement. The statement is probably based upon the colloquy which ensued between the court and the counsel during the trial. We think there was no error in awarding costs in favor of the plaintiff. Judgment affirmed, with costs. All concur.