(40 Misc. Rep. 435.)

WINNE v. WINNE.

(Supreme Court, Trial Term, Albany County.   April, 1903.)

1. EASEMENT—DEVISE OF ESTATE.
   An owner of land having highways for boundaries on two sides maintained until his death, in 1862, and for more than 30 years, a passageway across the tract for access from his dwelling house.  *Held*, that his two sons, between whom he divided the tract in his will, took their shares burdened with the easement which he had created.

2. SAME—ADVERSE USER.
   Where a father divided a tract of land by his will between his two sons, and they and other occupants of the land had continued openly to use a passageway on the tract for 40 years, a person claiming under one son, to whom the dwelling had been devised, cannot be restrained from use of such passageway by one claiming under the other son.

3. SAME—PRESUMPTION OF GRANT.
   The presumption of a grant, arising from the uninterrupted and open enjoyment of a passageway for 40 years, becomes conclusive when not rebutted.

Action by Mary A. Winne against Herbert Winne to restrain him from crossing defendant's land.  Judgment for defendant.

Upon the trial it appeared that one Francis Winne formerly owned and occupied a tract of land in the town of Bethlehem, Albany county, with a highway upon two sides of his land; that during his lifetime he maintained and used a passage or roadway leading from his dwelling house to each of said roads; such passage or roadway being in existence prior to the year 1834.   He died in 1862, leaving a last will and testament, by which he divided his tract of land into two parts, devising one part to his son Jurian and the other to his son Adam, the portion upon which was the dwelling house occupied by Francis in his lifetime being devised to Adam.   The passage or roadway passed through each of such farms, and was used and traversed by the said Jurian and Adam Winne continuously and uninterruptedly, each using not only that portion of the passage or roadway which crossed his own farm, but also that portion which crossed the farm of the other.   Adam sold his farm to his son, the defendant, in the year 1885.   Jurian died in the year 1887, and his executor, acting under a power of sale, conveyed his farm to his widow, the plaintiff.   The plaintiff and defendant, their employés and tenants, continued to use such passage or roadway uninterruptedly until September, 1902.   During all these years from prior to 1834 until September, 1902, said passage or roadway was well defined, and a portion of the time fenced on both sides, but in later years only on one side.   Its use by the owners and occupants of the farms through which it passed has been continuous, uninterrupted, open, and notorious; and it has also been used by the neighbors having occasion to pass from one road to the other.   The action is for the purpose of restraining the defendant in the use of such roadway.

Charles Irving Oliver, for plaintiff.
Bailey & Sturges (John M. Bailey, of counsel), for defendant.

HERRICK, J.   The passageway in question has been in existence for a period of nearly 70 years—perhaps more; the evidence does not disclose.  Whether, at the time Francis Winne, the predecessor in title to both parties in this action, acquired the property in question, such passageway existed, we do not know.   If it did, Francis Winne permitted its continued existence, and maintained it after he acquired the several properties which constituted his farm at the time of his death; if it did not, he opened such passageway through his property

nearly, if not more than, 70 years ago.  He had entire dominion and control over his farm lands, and might have arranged them at his will.   No easement existed so long as the ownership of all was in him, because he might at any time rearrange the passages to and from his dwelling house, or destroy them altogether.   But the moment he chose to sell any portion thereof his right to rearrange ceased, and any purchaser taking from him took all the open, visible burdens and benefits that existed at the time of the purchase.

Where the owner of the land has, by any artificial arrangement, effected an advantage for one portion, to the burdening of the other, upon the severance of the ownership the holders of the two portions take them respectively charged with the servitude, and entitled to the benefit, openly and visibly attached at the time of the conveyance. Lampman v. Milks, 21 N. Y. 505; Simmons v. Cloonan, 81 N. Y. 557; Paine v. Chandler, 134 N. Y. 385, 32 N. E. 18, 19 L. R. A. 99; Spencer v. Kilmer, 151 N. Y. 390, 45 N. E. 865.

In Paine v. Chandler, 134 N. Y. 385, 32 N. E. 18, 19 L. R. A. 99, it was held that when the owner of land sells and conveys a part thereof he impliedly grants to the grantee all those apparent and visible easements which at the time of the grant were used by said owner for the benefit of the part granted, and which are necessary for the reasonable use thereof, and it seems to me that the converse of that proposition is true, that, when the grantee takes a title to land over and upon which there are apparent and visible easements, he takes such land subject to those easements; and the case becomes much stronger when such grantee has, prior to receiving such conveyance, been a participator in the use and enjoyment of such easements.   This rule applies to all artificial arrangements which openly exist at the time of the conveyance, and materially affecting the value of the premises conveyed, and is not confined to uses absolutely necessary to the enjoyment of the thing granted.   Spencer v. Kilmer, 151 N. Y. 398, 45 N. E. 865.

Adam and Jurian Winne stood in no different or better position than purchasers of the respective farms would.   They took their farms under their father's will subject to the apparent reciprocal burdens imposed upon each, as well as the apparent reciprocal benefits, and their successors in title take them with the same reciprocal benefits and burdens.   In addition to that, the defendant, I think, has acquired a right of way by his own and the plaintiff's acts, and those of their respective predecessors in title.   He and his have used and enjoyed this passageway since the year 1862 openly, notoriously, and uninterruptedly, and there was at least some claim of right under the devises in the will of Francis Winne.   "An uninterrupted use and enjoyment of right of private way over the land of another for twenty years becomes an adverse enjoyment, sufficient to raise a presumption of a grant.   The use for twenty years, to be conclusive evidence of a right, must have been continuous, uninterrupted, and exclusive; that ·is, under a claim of right, with the knowledge and acquiescence of the owner.   The time of the enjoyment is deemed to be uninterrupted when it is continued from ancestor to heir, and from seller to buyer.  *  *  *  The use of an easement for twenty years, unexplained, will be presumed to

be under a claim or assertion of right, and adverse, and not by the leave or favor of the owner." Miller v. Garlock, 8 Barb. 153; Townsend v. Bissell, 4 Hun, 297; Hinckel v. Stevens, 35 App. Div. 5, 54 N. Y. Supp. 457; Bell v. Hayes, 60 App. Div. 382, 69 N. Y. Supp. 898; Hey v. Collman, 78 App. Div. 584, 79 N. Y. Supp. 778; Colburn v. Marsh, 68 Hun, 269, 22 N. Y. Supp. 990, affirmed 144 N. Y. 657, 39 N. E. 857, approved in Fritz v. Tompkins, 168 N. Y. 524, 61 N. E. 893.

The case of Barnes v. Haynes, 13 Gray, 188, 74 Am. Dec. 629, was the case of a passageway extending from a street along and upon both sides of the dividing line between two lots, and was the only means of access to the back part of either. It was used uninterruptedly for 20 years by the owners of both lots, without limit, restriction, interruption, or objection, or any claim of right, except what might be implied from such use. No mention of any right of way was made in any of the conveyances of either lot. It was held that from such use a grant must be presumed to the owner of each lot, an easement in that part of the passageway which was upon the other lot. The language of Chief Justice Shaw in delivering the opinion of the court seems to me so peculiarly applicable to the facts of this case that I quote a portion of it, viz.:

"The use of the common way by each, so far as it was used in and over the soil of the other, was adverse, uninterrupted, and used under a claim of right, and continued more than twenty years, and thereby each acquired such an easement in that portion of the land of the other which was covered by the way as the other could not lawfully disturb. When such actual uninterrupted use of a way, as of right, is shown to have existed a sufficient length of time to create the presumption of a grant, if the other party relies on the fact that those acts, all or some of them, are permissive, it is incumbent on such party by sufficient proof to rebut such presumption of a nonappearing grant, otherwise the presumption stands as sufficient proof and establishes the right."

This was approved in Nicholls v. Wentworth, 100 N. Y. 455–461, 3 N. E. 482.

In this case no proof was offered to rebut the presumption, and, as we have heretofore seen, the use of an easement for 20 years, unexplained, will be presumed to be under a claim or assertion of right, and adverse, and not by leave or favor of the owner. For these reasons I think the plaintiff is not entitled to maintain her action to restrain the use by the defendant of the way in question. Let judgment be entered for the defendant.

Judgment for defendant.