### BIRKETT MILLS v. FENNER.

#### (Supreme Court, Equity Term, Yates County.  July, 1913.)

1. RAILROADS (§ 71*)—DEEDS—CONSTRUCTION—RESERVATION.

A grantor, a milling company, conveyed land adjoining its milling plant without any reservation in the deed of the right of way for switch tracks which, at the time of the conveyance, extended from the mill across the land conveyed to a railroad and were used for the passage of cars to

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

and from the mill to the railroad. *Held* that, as the burden of the switch tracks was at the time of the conveyance apparent, continuous, and strictly necessary for the enjoyment of the portion of the premises retained by the grantor, a reservation of the easement would be implied.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. § 167; Dec. Dig. § 71.*]

2. RAILROADS (§ 71*)—CONSTRUCTION—RESERVATION.

It was not sufficient to say that the switch tracks were not strictly necessary because the mill, on account of its location on the street, could do some business without the switch tracks, as the question was, Could it be used with reasonable success for the purpose of its construction without them?

[Ed. Note.—For other cases, see Railroads, Cent. Dig. § 167; Dec. Dig. § 71.*]

3. INJUNCTION (§ 114*)—PARTIES.

Where switch tracks extending across the land of defendant, used for the passage of cars to and from a milling plant to a railroad, though constructed, maintained, and operated by the railroad company, were for the exclusive benefit of the milling company, it can restrain an interference with this right of passage by defendant, and the railroad company is not a necessary party.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 202–220; Dec. Dig. § 114.*]

4. INJUNCTION (§ 119*)—EQUITY—DEFENSE.

The defense to a suit for injunction that plaintiff's remedy at law is adequate must be affirmatively pleaded.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 243–250; Dec. Dig. § 119.*]

Action by the Birkett Mills against William B. Fenner to enjoin defendant from interfering with a right to the use of certain switch tracks over his land. Judgment for plaintiff.

George S. Sheppard, of Penn Yan (Charles W. Kimball, of Penn Yan, of counsel), for plaintiff.

William H. Fiero, of Penn Yan, for defendant.

SAWYER, J. In my judgment the facts of this case bring it within the rule laid down in Wells v. Garbutt, 132 N. Y. 430, 30 N. E. 978.

[1] The burden of the switch tracks and their use was at the time of the deed to Benjamin F. Fenner apparent, continuous, and strictly necessary for the enjoyment of that portion of premises retained by his grantors, a condition which has ever since remained and still exists. Late in the year 1884 the track was laid from the railroad, now operated by the New York Central, to the mills owned by plaintiff, and has ever since remained substantially as originally placed, and been used for the passage of cars to and from the mills to the railroad; that this situation was apparent cannot be successfully controverted, and that it was known to both Mr. Fenner and his grantor is evidenced by the reservation made in the deed which was in terms bounded on one side by the "railroad tracks"; although a right of way for the switch was not specifically set out in the deed, the understanding of the situation by all parties, and their intention that it should remain undisturbed, is clearly evidenced by such boundary reference, as well

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

as necessarily implied from the general surroundings of the transaction. Winne v. Winne, 95 App. Div. 48–50, 82 N. Y. Supp. 647, 88 N. Y. Supp. 625.

The burden was continuous within the meaning of the law. It differed from an ordinary right of way or passage which is enjoyed only at intervals, leaving in the interim no visible sign of its existence in that it was a way which was permanently established upon one part of the property for the benefit of the other. It was not only a right of passage but included an artificial structure for that purpose permanent in character; in principle it was similar to the burden of ditches and drains which are consistently held to be continuous easements. It was specifically constructed and appropriated for the purposes of its use, and, in the intervals between the passage of cars thereover, its structure and the purpose for which it was there existing and located was visible to all men. Parsons v. Johnson, 68 N. Y. 62–66, 23 Am. Rep. 149; Outerbridge v. Phelps, 13 Abb. N. C. 117; 2 A. & B. Encyc. (2d Ed.) 424; 14 Cyc. 1169, 1170.

Plaintiff's land is substantially covered by an extensive milling plant used for the manufacture of flour and other commodities for the wholesale trade. It was built and equipped at an expenditure of about $125,000 and for that express purpose. It is true that, because of its location upon the streets, the mill could be used to some extent without the switch tracks; but, for the purposes of its construction and equipment, the evidence shows it to be practically useless without them. This situation prevailed at the time of the deed by the defendant's grantor and has continued from then till now.

[2] The phrase "strictly necessary" is not limited in meaning to enjoyment of the premises for any purpose, but it is to be construed in the light of the surroundings and of common sense. Its true definition is enjoyment for the uses and purposes for which they are naturally adapted and ordinarily would be put, or, in the case of an artificial structure, the uses and purposes for which it was built and intended. In this case it is not sufficient to say that the tracks are not strictly necessary, because with the use of teams and certain doors opening on the street some business can be done by plaintiff. The question is, Can it be used with reasonable success for the purpose of its construction without them? The evidence convincingly establishes that it cannot and that their maintenance is strictly necessary to plaintiff's land. The rule laid down by the Court of Appeals contemplates "full enjoyment" and is not otherwise limited. Simmons v. Cloonan, 81 N. Y. 557–566.

[3] The complaint sets forth that the track in question was constructed, maintained, and operated by the New York Central & Hudson River Railroad Company or its predecessors in interest, which allegation is sustained by the evidence, although there is some proof to the effect that latterly plaintiff has participated in its maintenance. Defendant contends that for this reason an injunction forbidding his interference therewith cannot be had by plaintiff; that the matter is one entirely between himself and the railroad, or between the plaintiff and the railroad, as the case may be. That in any event the railroad must be joined. With this I do not agree. The switch was built

and has been maintained and operated for the benefit of plaintiff. While the railroad may derive some incidental revenue therefrom, its direct object is the beneficial service of plaintiff; its use is private and not public. If ended, it cannot be regained, for neither the railroad nor plaintiff could then cross defendant's land except without his consent. In re Grade Crossing Coms., 207 N. Y. 52–58, 100 N. E. 714. It is a valuable easement which is appurtenant to plaintiff's property. Parsons v. Johnson, supra. The railroad stands ready to continue the service if permitted, but it is met by defendant's demands and the order of July 25, 1912. Enforcement of such order would deprive plaintiff of its easement and inflict irreparable injury to its property and business. Under such circumstances, the matter is one between these parties and one in which plaintiff is entitled to protection by injunction against the destruction of its rights by defendant. Troy, etc., R. R. v. Boston, etc., R. R., 86 N. Y. 107–127. Neither is the action premature. A serious injury to plaintiff is threatened and has been to some extent accomplished. Its right to the use of the switch tracks without hindrance or condition of any kind has been assailed by defendant and its railroad service thereby discontinued. That it has been enabled to secure its temporary resumption by the giving of a bond is no answer to its complaint; such a requirement cannot be justly made of it. Flood v. Van Wormer, 147 N. Y. 284, 41 N. E. 569.

[4] That plaintiff can have no adequate remedy at law seems likewise evident upon the case as a whole, but defendant's suggestion to the contrary has not had especial attention for the reason that such defense is not affirmatively pleaded. Converse v. Sickles, 16 App. Div. 49, 44 N. Y. Supp. 1080.

Judgment is directed for plaintiff, with costs. Proposed findings may be submitted to me for signature.